IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WATERKEEPER ALLIANCE, INC.,

                Plaintiff,

      v.

SPIRIT OF UTAH WILDERNESS, INC.,
d/b/a GREAT SALT LAKEKEEPER, or
GREAT SALT LAKE WATER KEEPERS,

                Defendant.

Civil Action No. 10-CV-1136 (NSR)

ECF Case

**PLAINTIFF WATERKEEPER ALLIANCE, INC.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO HOLD
<u>DEFENDANT SPIRIT OF UTAH WILDERNESS, INC IN CIVIL CONTEMPT</u>**

WACHTEL MISSRY LLP
John H. Reichman, Esq.
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
reichman@wmllp.com
Attorneys for Plaintiff

092485-001/00042668-1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................(ii)

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS ........................................................................................................2

      A. BACKGROUND...........................................................................................2

ARGUMENT..............................................................................................................................3

POINT I

      THE COURT SHOULD HOLD DEFENDANT AND SALT IN CONTEMPT.................3

      A      This Court's May 8, 2015 Order Was Clear and Unambiguous ...........................4

      B      The Proof of Defendant's Non-Compliance is Clear and Convincing..................5

      C      Defendant Did Not Diligently Comply With The Court's Order.........................5

POINT II

      DEFENDANT'S DEFENSES ARE MERITLESS............................................................6

      A      Defendant Cannot Collaterally Attack The Court's Order....................................6

POINT III

      THE COURT'S CONTEMPT POWER EXTENDS TO NON-PARTIES .........................6

POINT IV

      THIS COURT SHOULD SANCTION SALT
      AND ORDER HIM TO PROVIDE FULL AND
      ACCURATE INFORMATION ABOUT HIS VIOLATIONS..........................................8

CONCLUSION...........................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                                             **Page**

*Amerisource Corp. v. Rx USA Int'l Inc.*, No. 02-CV-2514 (JMA),
2010 WL 2730748, (E.D.N.Y. July 6, 2010),
*aff'd sub nom. New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*,
432 F. App'x 25 (2d Cir. 2011) .................................................................................7

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
87 F. Supp. 2d 281 (S.D.N.Y. 2000)...........................................................................5

*Armstrong v. Guccione*,
470 F.3d 89 (2d Cir. 2006)..........................................................................................3

*Backo v. Local 281, United Bhd. of Carpenters & Joiners of Am.*,
 308 F. Supp. 172, 176–77 (N.D.N.Y. 1969), aff'd, 438 F.2d 176 (2d Cir. 1970)…………6

*Barcia v. Sitkin*,
No. 79 CIV. 5831 (RLC), 1997 WL 66785 (S.D.N.Y. Feb. 14, 1997) ................................5

*Casale v. Kelly*,
710 F. Supp. 2d 347 (S.D.N.Y. 2010)..................................................................................9

*Diamant v. GMS Diamonds Corp.*, No. 04 CIV. 2636 (RCC), 2004 WL 2710028,
(S.D.N.Y. Nov. 24, 2004) ..................................................................................................7

*Donovan v. Sovereign Sec., Ltd.*,
726 F.2d 55 (2d Cir. 1984)..................................................................................................4

*Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*,
689 F. Supp. 2d 585 (S.D.N.Y. 2010), amended on reconsideration (Mar. 23, 2010) .........9

*Ferrara v. Nordev, LLC*,
No. CV 10-5844 JFB WDW, 2012 WL 1999643, (E.D.N.Y. Apr. 10, 2012),
*report and recommendation adopted*, No. 10-CV-5844 JFB WDW,
2012 WL 2017501 (E.D.N.Y. May 30, 2012) .................................................................6,7

*Giuliano v. N.B. Marble Granite*,
No. 11-MD-00753 JG VMS, 2014 WL 2805100, (E.D.N.Y. June 20, 2014) .....................6

*In re Snider Farms, Inc.*,
125 B.R. 993, 999 (Bankr. N.D. Ind. 1991) ........................................................................7

*Jones v. Regent Asset Mgmt. Inc.*,
10-CV-262 CSH, 2011 WL 2037626, at *3 (D. Conn. May 24, 2011) ...............................7

*King v. Allied Vision, Ltd.*,
65 F.3d 1051 (2d Cir. 1995)....................................................................................................5

*Levin v. Tiber Holding Corp.*,
277 F.3d 243 (2d Cir. 2002)...................................................................................................5

*Nat'l Labor Relations Bd. v. Hopwood Retinning Co.*,
104 F.2d 302, 305 (2d Cir. 1939) ...........................................................................................8

*Nat'l Basketball Ass'n v. Design Mgmt. Consultants, Inc.*,
289 F. Supp. 2d 373 (S.D.N.Y. 2003).....................................................................................4

*New York State Nat. Org. for Women v. Terry*,
159 F.3d 86, 93 (2d Cir. 1998)................................................................................................8

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*,
369 F.3d 645 (2d Cir. 2004)....................................................................................................4

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
673 F.2d 53 (2d Cir. 1982).....................…………………………………………………8

*Schmitz v. St. Regis Paper Co.*,
758 . Supp. 922 (S.D.N.Y. 1991).............................................................................................5

*Shillitani v. United States*,
384 U.S. 364 (1966)................................................................................................................4

*Spectacular Venture, L.P. v. World Star Int'l, Inc.*,
927 F. Supp. 683, 685 (S.D.N.Y. 1996)…………………………………………………….7

*Weitzman v. Stein*,
98 F.3d 717 (2d Cir. 1996)...................................................................................................4,8

**PRELIMINARY STATEMENT**

Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff" or "Waterkeeper") seeks an order holding defendant Spirit of Utah Wilderness, Inc. ("SUW" or "Defendant") and its principal, Jeffrey Salt ("Salt"), in civil contempt for willfully violating the Default Judgment and Order issued in this action on May 8, 2015 ("the Order").

The Order, among other things, prohibited Salt from: (a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, (b) referring to Salt as the Great Salt Lakekeeper or the Executive Director of the Great Salt Lakekeeper, or making any other similar reference; (c) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including any email with the suffix "@greatsaltlakekeeper.org".

Salt has violated the Order by continuing to refer to himself as the Great Salt Lakekeeper and using the email address "jeffsalt@greatsaltlakekeeper.com".

A party is in civil contempt of a court order if it breached the order, the order was clear and unambiguous, the proof of the breach is clear and convincing, and the party did not diligently attempt in a reasonable manner to comply with the order. All of these factors are present here: the Order was clear and unambiguous; there is clear and convincing evidence that Salt has breached the Order – including Salt's continuing use of the "jeffsalt@greatsaltlakekeeper.com" email address; continuing reference to himself as the "Great Salt Lakekeeper"; and his refusal to acknowledge his violations of the Order. The Court should sanction Salt and order him to provide a complete list of each instance in which he used any Waterkeeper Mark after May 8, 2015, including all instances in which Salt had done so in oral communications, documents, emails and

social media, such as LinkedIn and Facebook; and provide copies of all documents in which Salt has used Waterkeeper Marks, such as the Lakekeeper Mark, including all emails he has sent or received with the "Jeffsalt@greatsaltlakekeeper.org" email address.

## STATEMENT OF FACTS

### A. BACKGROUND

Plaintiff Waterkeeper is an environmental organization and it has used the name "Waterkeeper" and other related marks containing the term "keeper" ("the Waterkeeper Marks") since 1999, including the marks Creekkeeper, Baykeeper, and Lakekeeper. (Order 2.) Waterkeeper has approximately 290 member organizations, and each member organization has obtained a license from Waterkeeper to use the Waterkeeper Marks. (Id.)

Defendant became a member organization of Waterkeeper. (Id.) However, after learning that Salt had been arrested for severely beating his girlfriend (he was ultimately convicted and imprisoned for this) and other irregularities, Waterkeeper revoked SUW's license and membership, as well as Salt's right to continue to use the Waterkeeper Marks. (Id.) After Salt continued to refer to himself as the Great Salt Lakekeeper and use the email address, Jeffsalt@greatsaltlakekeeper.com, Waterkeeper commenced suit, alleging trademark infringement, unfair competition, and related New York State law claims in order to prevent Salt from continuing to use Plaintiff's marks. (Id. at 3.)

In the course of litigation, corporate Defendant's counsel withdrew. Nearly six months thereafter, Defendant defaulted. (Id.) On May 8, 2015, this Court issued its Order enjoining Salt from, among other things:

> (a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper. Great Salt Lake Water Keepers, and/or variants thereof;
>
> (b) referring to Jeffrey Salt as the Great Salt Lakekeeper or the Executive Director of the Great Salt Lakekeeper, or any other similar reference;
>
> (c) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof, including any email with the suffix "@greatsaltlakekeeper.org"; (emphasis added) (Id. at 10-11).

A copy of the Order is annexed to the Reichman Decl.[1] as Ex. A.

As is set forth in the accompanying declaration of John H. Reichman, sworn to July 27, 2016, Salt has thumbed his nose at the Order. Waterkeeper discovered that Salt has continued to refer to himself to as the executive director of the Great Salt Lakekeeper and continued to use the email "@greatsaltlakekeeper.org". See Reichman Decl. B and C. Plaintiff's counsel sent a cease and desist letter to Salt. Reichman Decl. Ex. D. Salt's disingenuous and conclusory response was that he was currently acting in accordance with the Order when he clearly was not doing so. Reichman Decl. Ex. E.

## ARGUMENT

I. **THE COURT SHOULD HOLD DEFENDANT AND SALT IN CONTEMPT**

It is well established that "that courts have inherent power to enforce compliance with their lawful order [sic] through civil contempt." Armstrong v. Guccione, 470 F.3d 89, 102 (2d Cir.

---

[1] "Reichman Decl." shall refer to the Declaration of John H. Reichman, sworn to July 27, 2016.

2006) quoting Shillitani v. United States, 384 U.S. 364, 370 (1966). The purpose of civil contempt is to ensure a party's future compliance with court orders, and to compensate victims of contempt for harms sustained as a result thereof. See Weitzman v. Stein, 98 F.3d 717, 720 (2d Cir. 1996); King v. Allied Vision, Ltd., 65 F.3d 1051, 1062 (2d Cir. 1995).

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). It need not be established that the violation was willful. Id. at 655 citing Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 59 (2d Cir. 1984). As demonstrated below, all three conditions for contempt are met in this case.

### A. This Court's May 8, 2015 Order Was Clear and Unambiguous

"An order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed' or required." Nat'l Basketball Ass'n v. Design Mgmt. Consultants, Inc., 289 F. Supp. 2d 373, 377 (S.D.N.Y. 2003). Further, a clear and unambiguous order "leaves 'no uncertainty in the minds of those to whom it is addressed,' who 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'" King v. Allied Vision, Ltd., 65 F.3d at 1058 (internal citations omitted).

The Court's May 2015 Order is clear and unambiguous. It was specific and definite enough to put Salt on notice that he was prohibited from using an email ending in @greatsaltlakewaterkeeper or as referring to himself as the Executive Director of the Great Salt Lakekeeper.

**B. The Proof of Defendant's Non-Compliance is Clear and Convincing.**

The standard of clear and convincing evidence requires the alleging party to demonstrate to a "reasonable certainty" that a court order was violated. See Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002). Plaintiff meets this standard. The Great Salt Lakekeeper website and Salt's LinkedIn page both refer to Salt as executive director. See Reichman Decl. Exs. B and C. Moreover, Salt continues to use the jeffsalt@greatsaltlakekeeper.com email address. The "Email Us" email link on the Great Salt Lakekeeper website is a link to email jeffsalt@greatsaltlakekeeper.com. See Reichman Decl. Ex. B.

This evidence adequately demonstrates to a "reasonable" certainty that a violation occurred." Similar "online evidence" has been found to be "clear and convincing" proof of a violation of a preliminary injunction. See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 294, 294-95 (S.D.N.Y. 2000).

**C. Defendant Did Not Diligently Comply With The Court's Order.**

In analyzing a party's diligence in complying with an order, courts "examine the defendant's actions and consider whether they are based on a good faith and reasonable interpretation of the court order." Schmitz v. St. Regis Paper Co., 758 F. Supp. 922, 927 (S.D.N.Y. 1991). A party's ability to comply with an order "must be beyond the realm of possibility, not just difficult to achieve, before a party will be exonerated in a contempt proceeding." Barcia v. Sitkin, No. 79 CIV. 5831 (RLC), 1997 WL 66785, at *2 (S.D.N.Y. Feb. 14, 1997). After Plaintiff detected that Salt had continued to use the Executive Director title on the website, Plaintiff demanded that Salt "cease and desist." See Reichman Decl. Ex. D. Salt responded by letter saying that he was in acting in accordance with the order and that he would continue to do so, without an apology or explanation. See Reichman Decl., Ex. E. Indeed, Salt did not protest to Plaintiff that

he could not comply or that compliance was impossible. Rather, he falsely assured Plaintiff that he was in compliance with the Order, even though he clearly was not. Salt has not diligently attempted in a reasonable manner to comply with the Court's Order.

### II. DEFENDANT'S DEFENSES ARE MERITLESS

In a July 11, 2016 letter written in response to Waterkeeper's pre-motion letter, Salt argues that he is not in contempt because (1) the underlying order should not have been entered by the Court; and (2) the Court does not have jurisdiction over him because he is not a named party. Both of these arguments are meritless.

A. <u>Defendant Cannot Collaterally Attack A Court Order</u>

Salt cannot use his disagreement with the order as a defense to Waterkeeper's contempt motion. As the court in <u>Backo v. Local 281, United Bhd. of Carpenters & Joiners of Am.</u>, 308 F. Supp. 172, 176–77 (N.D.N.Y. 1969), <u>aff'd</u>, 438 F.2d 176 (2d Cir. 1970) stated

> The validity of an order issued by a court of competent jurisdiction is not open to collateral attack in a contempt proceeding based on disobedience of that order. If defendants thought the temporary restraining order erroneous, their remedy was not to disobey it, but to seek direct review. Those who disobey a court order do so at their peril, whether or not the order is valid, so long as the court issuing it has jurisdiction.

The Court should not consider Salt's collateral attack on its Order.

### III. THE COURT'S CONTEMPT POWER EXTENDS TO NON-PARTIES

Salt's argument that the Court does not have jurisdiction over him individually because he is not named in the lawsuit is unavailing. Courts have the power to hold non-parties in contempt generally, "to the extent that a non-party is responsible for the conduct of a contemptuous corporation, courts have either sanctioned or held in contempt such a non-party individual for the actions or non-actions of that corporation." <u>Giuliano v. N.B. Marble Granite</u>, No. 11-MD-00753 JG VMS, 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014). <u>See also</u> <u>Ferrara v. Nordev, LLC</u>,

No. CV 10-5844 JFB WDW, 2012 WL 1999643, at *4 (E.D.N.Y. Apr. 10, 2012), report and recommendation adopted, No. 10-CV-5844 JFB WDW, 2012 WL 2017501 (E.D.N.Y. May 30, 2012)(recommending that non-party be held in contempt for failure of corporation to comply with court order where "she clearly had control over Nordev and access to the information and documents sought"); Jones v. Regent Asset Mgmt. Inc., 10-CV-262 CSH, 2011 WL 2037626, at *3 (D. Conn. May 24, 2011) (it was proper to hold non-party individual in contempt where "there was a strong degree of identity between Defendant Regent Asset Management Solutions, Inc. and its President, CEO, and sole stockholder, Michael Scata"); Amerisource Corp. v. Rx USA Int'l Inc., No. 02-CV-2514 (JMA), 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010), aff'd sub nom. New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc., 432 F. App'x 25 (2d Cir. 2011) (concluding that the court had the inherent power to sanction a non-party where the non-party was the majority shareholder and chief executive and managed the litigation on behalf of the defendant); Diamant v. GMS Diamonds Corp., No. 04 CIV. 2636 (RCC), 2004 WL 2710028, at *1 (S.D.N.Y. Nov. 24, 2004)(concluding that principal and sole shareholder of a corporation could be held in contempt for corporation's failure to comply with a subpoena); Spectacular Venture, L.P. v. World Star Int'l, Inc., 927 F. Supp. 683, 685 (S.D.N.Y. 1996) (holding in contempt individual non-party who was the president and principal of defendant that failed to comply with court order); In re Snider Farms, Inc., 125 B.R. 993, 999 (Bankr. N.D. Ind. 1991) ("[T]he Respondent, as responsible executive officer of the Debtor, and legally identified with it, can be held in contempt, because the Debtor failed to comply with the Court's orders.").

In his letter to the Court, Mr. Salt admits that he is the one in clear control of the Spirit of Utah Wilderness: "I created the name, and was the first person to reduce it to commercial use. I

have maintained ownership and control of the name and have use it in commerce continuously since its inception in 2001". As the Second Circuit has stated:

> It is well settled that "A command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."

Nat'l Labor Relations Bd. v. Hopwood Retinning Co., 104 F.2d 302, 305 (2d Cir. 1939) (holding that "As an important officer and agent of the Hopwood Company, [Mr.] Hopwood should be held for his company's non-compliance with the court's order.")

## IV. THIS COURT SHOULD SANCTION SALT AND ORDER HIM TO PROVIDE FULL AND ACCURATE INFORMATION ABOUT HIS VIOLATIONS

In assessing sanctions for civil contempt, district courts have "wide discretion in fashioning a remedy." Weitzman v. Stein, 98 F.3d at 719. "[A] sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56 (2d Cir. 1982).

A court may impose a fine if "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act [paying a fine], and thus 'carries the keys of his prison in his own pocket." New York State Nat. Org. for Women v. Terry, 159 F.3d 86, 93 (2d Cir. 1998)[2]  This is certainly the case here as it is entirely in Salt's control whether or not to continue

---

[2] Waterkeeper is also entitled to its attorney's fees. See New York State Nat. Org. for Women v. Terry, 159 F.3d at 96. However, the Court already ordered this as part of the Order and the Magistrate Judge has not issued a ruling yet. Rather than wait for another attorney's fees award, we respectfully submit that the Court should fine Salt.

to refer to himself as the executive director of the Salt Lake Waterkeeper, as well as to refrain from using the email address that he has been prohibited from using.

> The district court is counseled to consider several factors in calculating a fine, including 'the character and magnitude of the harm threatened by continued contumacy,' the 'probable effectiveness of any suggested sanction in bringing about [compliance],' and the contemnor's ability to pay."  "The ultimate consideration is whether the coercive sanction—here, a fine—is reasonable in relation to the facts."  "[A] financial penalty may be the most effective means of insuring compliance" if a city refuses to adhere to a court order.
>
> Casale v. Kelly, 710 F. Supp. 2d 347, 363 (S.D.N.Y. 2010).

In Kelly the court determined that a "monetary fine per future incident of enforcement is the only remedy that will bring about true, long-term compliance with the Orders." Id. at 364.  In Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., the court justified its imposition of sanctions of $1,000 for each of defendant's future violations because the defendant had already committed numerous violations of the order that plaintiff knew about, and there were likely other violations that plaintiff did not know about.  689 F. Supp. 2d 585, 602 (S.D.N.Y. 2010), amended on reconsideration (Mar. 23, 2010).

Salt should be fined and sanctioned.  It is necessary to ensure that his contumacious behavior does not continue.  In addition to sanctions, the Court should order Salt (i) to provide Plaintiff and file with the Court a complete list that identifies with specificity all instances in which he has used the Waterkeeper Marks after May 8, 2015, including in oral communications, documents, emails and social media such as Facebook and LinkedIn; (ii) to produce copies of all documents in which he has used Waterkeeper Marks, such as the Lakekeeper name and address; and (iii) take down the http://greatsaltlakekeeper.org/ website.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant its motion to hold Defendant in Civil Contempt.

Dated: New York, New York
       July 27, 2016

                                        Respectfully submitted,

                                    /S/_____

                                    John H. Reichman, Esq.
                                    Wachtel Missry LLP
                                    One Dag Hammarskjold Plaza
                                    885 Second Avenue, 47th Floor
                                    New York, New York 10017     (
                                    (212) 909-9500
                                    reichman@wmllp.com