UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WATERKEEPER ALLIANCE, INC.,

                Plaintiff,

- against -

SPIRIT OF UTAH WILDERNESS, INC.,

                Defendant.

10 Civ. 1136 (NSR) (LMS)

**REPORT AND RECOMMENDATION**

---

TO: THE HONORABLE NELSON S. ROMÁN
      UNITED STATES DISTRICT JUDGE

On February 11, 2010, Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff"), commenced this action against Defendant Spirit of Utah Wilderness, Inc. ("Defendant"), alleging trademark infringement, unfair competition, and related New York State law claims. Compl., Feb. 11, 2010, ECF No. 1. On May 8, 2015, Your Honor granted Plaintiff's application for the entry of a default judgment against Defendant. Order, May 8, 2015, ECF No. 100. Your Honor also referred this matter to the undersigned for an inquest regarding attorney's fees and costs. *See* Order of Reference, May 11, 2015, ECF No. 99. Currently before this Court is Plaintiff's unopposed application for attorney's fees in the amount of $336,421.46. I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's application for fees should be granted to the extent set forth herein, and that Plaintiff should be awarded $277,903.39 in attorneys' fees.

## BACKGROUND

The undersigned relies on the factual and procedural background of this case which was detailed in Your Honor's May 8, 2015, Order. As relevant to the instant Report and

1

Recommendation, during the course of this litigation, Plaintiff retained Baker Botts LLP and, subsequently, Wachtel Missry LLP. On September 21, 2015, Plaintiff submitted an application for attorney's fees for the services that were rendered by Baker Botts and Wachtel Missry during the course of this litigation. In support of its application, Plaintiff submitted billing records from both Baker Botts and Wachtel Missry. ECF No. 110, Ex. 2-3.

## ANALYSIS

### I. Legal Standard

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (internal quotation marks omitted). A reasonable fee is calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.' " *Millea*, 658 F.3d at 166, citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). "A detailed explanation of the lodestar calculation is unnecessary, but compliance with the Supreme Court's directive that fee award calculations be 'objective and reviewable,' implies the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* at 166-67, citing *Perdue*, 130 S. Ct. at 1674. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

## II. Application of Legal Standard

### A. Reasonableness of Hourly Rate

In determining if the requested hourly rate is reasonable, a court must analyze whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Thus, "the court uses the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Weather v. City of Mount Vernon*, No. 08 Civ. 192 (RPP), 2011 WL 2119689, at *2 (S.D.N.Y. May 27, 2011) (internal quotation marks and citations omitted). "Courts should rely on both evidence submitted by the parties as to the rates they typically charge, and [the court's] own knowledge of comparable rates charged by lawyers in the district." *Id.* (internal quotation marks and citations omitted). Moreover, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]" *LeBlanc-Sternberg*, 143 F.3d at 764, citing *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989). In calculating the presumptively reasonable fee, courts should bear in mind that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay," and that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

#### i. Attorneys Paul J. Reilly, John H. Reichman, and Julian D. Schreibman

Plaintiff seeks an hourly rate of $650 for Paul J. Reilly, a Partner at Baker Botts, an hourly rate of $575 per hour (which was increased mid-litigation to $625 per hour) for John H. Reichman, a partner at Wachtel Missry, and $510 per hour for Julian D. Schreibman, a partner at Wachtel Missry. Mr. Reilly received his J.D. in 1994 from the Jacob D. Fuchsberg Law Center at Touro College, and his B.A. in English in 1988 from the College of the Holy Cross. Mr.

Reilly specializes in intellectual property litigation and is the firm-wide section chair for Baker Botts's Trademark Section. *See* Profile of Paul J. Reilly, http://www.bakerbotts.com/people/r/reilly-paul-j. Mr. Reichman is a graduate of New York University School of Law, and has approximately thirty-eight years of complex litigation experience. Reichman Decl. ¶ 8. Mr. Schreibman is a former Assistant United States Attorney and a Yale Law School graduate and has approximately eighteen years of litigation experience. *Id.* ¶ 8. This Court finds that these rates are reasonable and within the range of recently authorized rates for similarly experienced attorneys in this district. *See Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2015 WL 7271565 (S.D.N.Y. Nov. 12, 2015) (a rate of $720 per hour for an experienced partner in a copyright case is "at the high end of what judges in this District have awarded for experienced partners in copyright cases," but it is "within the range of what is considered reasonable."); *GAKM Resources LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030, 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (finding reasonable rates of $600 per hour and $650 per hour for seasoned litigators); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139, 2009 WL 935674, at *6 (S.D.N.Y. Apr. 7, 2009) ($650 per hour for an experienced litigator is "perfectly reasonable").

### ii.   Attorneys Jennifer A. Lazo and Jocelyn M. Weinstein

Plaintiff seeks an hourly rate of $525 per hour for Jennifer A. Lazo, who was an associate at Baker Botts at the time of this litigation, and an hourly rate of $250 per hour (increased to $325 per hour mid-litigation) for Jocelyn M. Weinstein, an associate at Wachtel Missry. Ms. Lazo received her J.D. in 2008 from Brooklyn Law School, and her B.A. in Computer Science from Cornell University in 2001. She was an associate at Baker Botts from 2008 until 2014. *See* LinkedIn Profile of Jennifer Lazo, https://www.linkedin.com/in/lazojennifer. Ms. Weinstein

4

received her J.D. from Cornell Law School in 2008, and her B.S. from Cornell University in 2005. Profile of Jocelyn M. Weinstein, http://www.wmllp.com/Attorneys/Jocelyn-M-Weinstein.shtml.

In this district, $450 per hour represents the "high end of rates typically approved" for associate attorneys. *Capitol Records*, 2015 WL 7271565 at *4; *see also*, *Genger v. Genger*, No. 14 Civ. 5683(KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have ... recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB)(HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates). Therefore, this Court concludes that Ms. Weinstein's rate of $250 per hour (and the mid-trial increase of this rate to $325 per hour) is reasonable. This court further concludes that Ms. Lazo's hourly rate of $525 is unreasonable in light of her professional experience and the range of what is considered reasonable in this district. Additionally, Plaintiff has provided insufficient information regarding Ms. Lazo's experience to substantiate a rate at the high end of rates typically approved for associates. Therefore, the Court reduces Ms. Lazo's hourly rate to $400 per hour for the purposes of computing the reasonable fees in this case.

### iii. Paralegals John P. Mitchell, John McKay, Megan Rappa

Plaintiff requests an hourly rate of $275 per hour for John P. Mitchell, a paralegal at Baker Botts, an hourly rate of $150 per hour for John McKay, a paralegal at Wachtel Missry, and an hourly rate of $125 per hour for Megan Rappa, a paralegal at Wachtel Missry. Plaintiff has provided no information regarding the experience or qualifications of these paralegals. Although hourly rates of $125 and $150 per hour fall within the range of typical rates for paralegals in this district, an hourly rate of $275 far exceeds that range. *Capitol Records*, 2015 WL 7271565 at *4

($200 is the "high end of rates typically approved in this District"); *Music, Inc.*, 2014 WL 2781846, at *7 (collecting cases); *M. Lady LLC v. AJI, Inc.*, No. 06 Civ. 0194(HBP), 2009 WL 1150279, at *7 (S.D.N.Y. Apr. 29, 2009) (collecting cases awarding between $50 and $180 per hour for paralegals). Therefore, the Court reduces Mr. Mitchell's hourly rate to $150 per hour for the purposes of computing the reasonable fees in this case.

### B.   Reasonableness of Time Expended

In determining the number of hours reasonably expended, a court must consider both the "contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), as well as "its own familiarity with the case and its experience with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted). Moreover, in determining the number of hours that were reasonably expended on the litigation, the court has discretion to "trim fat," or reduce the total number of hours claimed to have been spent. *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citations omitted). Where a plaintiff submits deficient or incomplete billing records demonstrating the number of hours expended, courts may reduce the fee award requested. *See Hensley*, 461 U.S. at 437 n.12 (an attorney seeking a fee award must, at least, "identify the general subject matter of his [or her] time expenditures"). The court may also exclude "excessive, redundant or otherwise unnecessary hours" from the calculation, *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), or may make an across-the-board reduction in the number of hours for which fees will be awarded. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997). In determining the amount of hours reasonably expended on a case, "the

relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Moreover, a court may reduce fees by an across-the-board percentage if the billing statements that are submitted in support of the fee request include vague narrative descriptions, are duplicative, or contain block-billed entries, *i.e.* entries that "list multiple tasks in the 'narrative' sections, without isolating particular hours assigned to each task." *Capitol Records*, 2015 WL 7271565 at *3. The basis for this type of reduction is that vague and/or duplicative billing entries undermine a court's ability to determine the reasonableness of the time spent on the case. *Id.* For this reason, vague and block billed entries are particularly problematic when they attribute numerous tasks to a large block of time under a single billing entry. *Id.*

### i.     The Total Amount of Fees and Expenses Sought by Plaintiff

The various documents Plaintiff has provided in support of its fee application reflect conflicting and internally inconsistent positions with respect to the amount of fees sought and whether, and to what extent, Plaintiff is seeking to recover expenses in addition to fees. According to the declaration of Marc Yaggi, the executive director of Plaintiff Waterkeeper Alliance, Plaintiff seeks an award of $336,421.46 in attorney's fees, and expenses of $9,242.80. A chart which accompanies that declaration delineates that Wachtel Missry's fees are $295,505.75 and that its expenses are $9,242.80. ECF No. 11, Ex. 2. The declaration does not include any information regarding the fees or expenses attributable to the work performed by Baker Botts, but the Court surmises that Plaintiff's total request for fees of $336,421.46 was derived from adding the $295,505.75 in fees from Wachtel Missry, the $40,042.50 fees reflected in the Baker Botts invoice, and the $873.21 in expenses reflected in the Baker Botts invoice

($295,505.75 + $40,042.50 + 873.21 = 336.421.46). Therefore, it is evident that although the declaration of Marc Yaggi makes a separate request for the expenses incurred by Wachtel Missry, Mr. Yaggi's request for attorney's fees in the amount of $336,421.46 includes expenses of $873.21 incurred by Baker Botts.

The declaration of John H. Reichman, from Wachtel Missry, states that "plaintiff Waterkeeper Alliance requests judgment in its favor of attorneys' fees in the amount of $336,421.46." As stated, based on the above calculations, this request for $336,421.46 appears to include $873.21 in expenses from Baker Botts. ECF No. 110. However, in contrast to Mr. Yaggi's declaration, Mr. Reichman's declaration does not include any request for an award of Wachtel Missry's expenses of $9,242.80. Rather, despite the fact that the $336,421.46 sought by Mr. Reichman seemingly includes $873.21 in Baker Botts's expenses, Mr. Reichman's declaration specifically states that "Waterkeeper Alliance is not asking for an award of costs." Similarly, Plaintiff's proposed findings of law and fact states that "Waterkeeper Alliance seeks attorneys' fees in the amount of $336,421.46" without any mention being made of Wachtel Missry's expenses or the fact that the amount sought in fees seemingly includes Baker Botts's expenses. ECF No. 112.

In light of the confusing and contradictory nature of Plaintiff's filings, the Court relies on Mr. Reichman's declaration and Plaintiff's proposed findings of law and fact, and concludes that Plaintiff is not seeking an award of expenses. Accordingly, the Court will not award Plaintiff Wachtel Missry's expenses of $9,242.80 or Baker Botts's expenses of $873.21. Therefore, excluding these expenses, the Court must determine whether Wachtel Missry's fee of $295,505.75 and Baker Botts's fee of $40,042.50 are reasonable.

### ii.     Baker Botts

In support of its request for reasonable attorney's fees and expenses, Plaintiff supplies a January 7, 2014, billing invoice from Baker Botts. The invoice reflects that three individuals from Baker Botts worked on this case – Ms. Lazo, Mr. Mitchell, and Mr. Reilly.  Ms. Lazo worked 51.70 billable hours at a rate of $525 per hour for a total fee of $27,142.50.  Because this Court finds that Ms. Lazo's rate of $525 per hour is unsubstantiated and unreasonable, and that her fee should be computed at a rate of $400 per hour, the total fee for Ms. Lazo's work is reduced to $20,680 (51.70 x 400 = 20,680). The billing records further reveal that Mr. Mitchell worked 43.60 billable hours at a rate of $275.  Because the Court finds that Mr. Mitchell's rate of $275 per hour is unsubstantiated and unreasonable, and that his fee should be computed at a rate of $150 per hour, the total fee for Mr. Mitchell's work is reduced to $6,540 (43.60 x 150 = 6,540). Mr. Reilly worked 1.4 billable hours in this case at a rate of $650 per hour.  As stated, Mr. Reilly's rate of $650 per hour is reasonable and, therefore, the Court does not reduce the $910 fee for his work in this case.  Accordingly, after taking into account the aforementioned reductions, the total fee for the work done by Baker Botts is reduced from $40,042 to $28,130 (20,680 + 6,540 + 910 = 28,130).

Moreover, the vast majority of the billing entries provided by Baker Botts are in the form of block billing and many of those block billed entries exceed four hours in duration.  This manner of billing makes it difficult for the Court to evaluate the reasonableness of the fee request.  Nevertheless, most of the entries are for relatively short durations, *i.e.*, under two hours, and the entries contain sufficient specificity with respect to the tasks performed to generally satisfy the Court that the amount of time billed by Baker Botts were reasonable to accomplish the

tasks described in the block billed entries. The larger periods of block billing, however, render it impossible to precisely determine whether the hours expended by Baker Botts were reasonable. Additionally, Mr. Mitchell and Ms. Lazo billed approximately 28 collective hours for the work involved in the transfer of Plaintiff's case from Baker Botts to Wachtel Missry. Twenty-eight hours is an unreasonable amount of time to bill for the transfer of a casefile, given the relatively straightforward nature of the claims in this case, the short duration of Baker Botts's involvement in the case, and the fact that 28.7 hours is a disproportionately large percentage of the total hours billed by Baker Botts's in this case - 96.7 hours. Accordingly, the Court imposes an additional five percent reduction to the fee requested for the work performed by Baker Botts in this case, which results in a total fee of $26,723.50 (.05 x 28,130 = 1,406.50; 28,130 − 1,406.50 = 26,723.50). Therefore, the undersigned concludes, and respectfully recommend that Your Honor conclude, that Plaintiff be awarded $26,723.50 in reasonable attorney's fees for the work performed by Baker Botts.

### iii. Wachtel Missry

Plaintiff seeks $295,505.75 in fees for work performed by Wachtel Missry in this case. Plaintiff's request for fees is supported by billing invoices from Wachtel Missry. These invoices are replete with block billed entries. Nevertheless, these block billed entries are generally for short periods of time and many of the entries clearly delineate the work completed in the designated amount of time. Accordingly, the fact that many of Wachtel Misrry's billing entries are in the form of block billing, does not overly impede the Court's ability to evaluate the reasonableness of the activities listed. Therefore, the block billed nature of these entries warrants only a marginal reduction in the fee award.

More problematic is the fact that Wachtel Missry's invoices include many vague narrative descriptions such as "reviewed documents," "prepare for discovery," "e-mail," "discovery," and "research." The vagueness of these entries makes it difficult for the Court to evaluate whether the time expended on these tasks was reasonable. Further, many of these vague entries are attributed to Mr. Reichman, the Wachtel Missry attorney with the highest hourly rate in this case, which compounds the impact of these vague entries on the Court's ability to evaluate the reasonableness of the total fee sought by Plaintiff.

Additionally, the narrative descriptions of various billing entries include travel time, yet there is no indication that such travel time was billed at half the billing attorney's hourly rate, as is customary in this district. For instance, on March 6, 2014, Mr. Reichman billed 4.5 hours at a rate of $625 per hour for "Prepare for conference; conference; e-mail; travel." Not only does this billing entry fail to account for what portion of the 4.5 hours was for travel, but the travel appears to have been billed at Mr. Reichman's full hourly rate. Similarly, on January 22, 2014, Mr. Reichman billed 10 hours at a rate of $625 per hour for "Prepare for depositions; travel to SLC" and on January 24, 2014, Mr. Reichman billed 6.5 hours at a rate of $625 per hour for "travel from SLC." Once again, it appears that this travel time was billed at Mr. Reichman's full rate.

This Court finds that an aggregate reduction of Plaintiffs' fee application is warranted to account for these deficiencies in Wachtel Missry's billing records. "It is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31 (S.D.N.Y. 2015) (citation omitted); *see also Kahlil v. Original Old Homestead Rest.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y.2009) ("It is well established that across-the-board reductions are appropriate when billing records are voluminous and numerous billing

entries are in dispute.") (citation omitted). Fee reductions up to 30 percent are common in this District. *See, e.g., Genger*, 2015 WL 1011718, at *2 ("Across-the-board reductions in the range of 15% to 30% are appropriate when block billing is employed."); *De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625(ER), 2013 WL 6184425, at *6 (S.D.N.Y. Nov. 25, 2013) (reducing fees by 30% to account for vague and excessive entries). Accordingly, the Court finds that a 15 percent reduction of Wachtel Missry's fees is warranted to ensure that the fee award reflects fees that were the "minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Accordingly, this Court concludes, and respectfully recommends that Your Honor should conclude, that Plaintiff should be awarded $251,179.89 (295,505.75 x .15 = 44,325.86; 295,505.75 − 44,325.86 = 251,179.89) in attorney's fees for the work performed by Wachtel Missry in this case.

## CONCLUSION

In light of the foregoing, I conclude, and respectfully recommend that Your Honor should conclude, that a judgment as to attorneys' fees should be entered against Spirit in the amount of $277,903.39 (251,179.89 [Wachtel Missry] + 26,723.50 [Baker Botts] = 277,903.39)

Waterkeeper shall serve Spirit with a copy of this Report and Recommendation, including copies of any unpublished decisions cited herein, at its last known addresses and shall file appropriate proof of service.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the

Clerk of the Court with extra copies delivered to the chambers of The Honorable Nelson S. Román, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román and should not be made to the undersigned.

Dated: Sept. 14, 2016
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Case 7:10-cv-01136-NSR-LMS Document 127 Filed 09/14/16 Page 14 of 14