UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WATERKEEPER ALLIANCE INC.,

Plaintiff,

-against-

SPIRIT OF UTAH WILDERNESS, INC.,

Defendant.

10-cv-1136 (NSR) (LMS)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge

On February 11, 2010, Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff"), commenced this action against Defendant Spirit of Utah Wilderness, Inc. ("Defendant"), alleging trademark infringement, unfair competition, and related New York State law claims. (Complaint, Feb. 11, 2010, ECF No. 1.) On May 8, 2015, this Court granted Plaintiff's application for default judgment against the Defendant, and subsequently referred this matter to Magistrate Judge Lisa M. Smith for an inquest regarding attorney's fees and costs. (Default Judgment and Order, May 8, 2015, ECF No. 100; *see* Order of Reference, May 11, 2015, ECF No. 99.) Pending before the Court is a Report and Recommendation ("R & R") dated September 14, 2016 and issued by Judge Smith pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). (ECF No. 127.) The R&R recommends that Plaintiff's application for fees be granted, and that Plaintiff be awarded $277,903.39 in attorney's fees. For the following reasons, the R&R is adopted in its entirety.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/2016

## BACKGROUND[1]

Over the course of this litigation, Plaintiff retained both Baker Botts LLP ("Baker Botts") and Wachtel Missry LLP ("Wachtel Missry"), as counsel. Baker Botts performed work for Plaintiff from October through November 2013. (*See* Plaintiff's Motion for Attorney's Fees, Ex. 2 at 6-12, ECF No. 110 [hereinafter "Pl.'s Mot. Fees"].) Wachtel Missry performed work for Plaintiff from October 2013 through June 2015. (*Id.* at 3.) On September 21, Plaintiff submitted an unopposed application for attorney's fees for services rendered by Baker Botts and Wachtel Missry during the course of this litigation. Plaintiff submitted billing records for both firms in support of its application. (Pl.'s Mot. Fees, Ex. 2-3.)

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id.*; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A district court may also "adopt those portions of the [Report] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself

[1] Unless otherwise noted, facts are taken from the R & R, which relies on the factual and procedural background detailed in this Court's May 8, 2015 Default Judgment and Order.

that there is no clear error on the face of the record." *Wilds*, 262 F. Supp. 2d at 169 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72 advisory committee note (same).

## DISCUSSION

Here, as neither party objected to the R & R, the Court reviews the recommendation for clear error. The Court finds no error with the R & R on the face of the record. The figures in the R & R are supported by the record, the calculations are arithmetically correct, and the conclusions are supported in law, fact, and sound reasoning.

### I. Reasonableness of Hourly Rates

Based on prevailing law in the District, the R & R reasonably concludes that the hourly rates for partners Paul Reilly, John Reichman, and Julian Schreibman,[2] fall within the range of rates appropriate for similarly experienced attorneys. As to associates Jocelyn Weinstein (Wachtel Missry) and Jennifer Lazo (Baker Botts), both of whom received their law degrees in 2008, the R & R correctly finds that: (1) Ms. Weinstein's rate of $250 per hour was consistent with district standards, but that (2) Ms. Lazo's rate of $525 was unreasonable without additional proof to support a rate at the high end of the range for associates. *See Lyda v. Fremantlemedia N. Am.*, No. 10-CV-4773-DAB-FM, 2016 WL 4574390, at *4 (S.D.N.Y. July 11, 2016), *report and recommendation adopted sub nom. Lyda v. Freemantlemedia N. Am., Inc.*, No. 10-CV-4773-DAB, 2016 WL 4581340 (S.D.N.Y. Aug. 31, 2016) (noting 2012 nationwide average billing rates for associates with 5-6 years of intellectual property experience ranged from $330 to $394, and finding a rate of $360 appropriate for a general litigation associate, performing work from 2010 through 2013); *Genger v. Genger*, No. 14-CV-5683-KBF, 2015 WL 1011718, at *2

---

[2] Paul Reilly is a partner at Baker Botts, and John Reichman and Julian Schreibman are partners at Wachtel Missry.

(S.D.N.Y. Mar. 9, 2015) ("New York district courts have also recently approved rates for law firm associates in the range of $200 to $450 per hour..."); *see also Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-CV-9931, 2015 WL 7271565, at *4 (S.D.N.Y. Nov. 12, 2015) (describing a $450 hourly fee as "the high end of rates typically approved in this District"). Without an objection or additional proof from any party, the Court finds no error in the R & R's finding that Ms. Lazo's rate should be reduced to $400 per hour for the work she performed in 2013.

The R & R also correctly finds that the hourly rates of $150 and $125 for Wachtel Missry paralegals John McKay and Megan Rappa, respectively, were appropriate. As to Baker Botts paralegal John Mitchell, the Court finds no error in the R & R's conclusion that his hourly rate of $275 exceeded the typical range of rates for paralegals, or that a reduction to an hourly rate of $150 was appropriate.[3] *See Genger*, 2015 WL 1011718, at *2 ("New York district courts have also recently approved rates ... for law firm paralegals in amounts of approximately $200 per hour..."); *see also Capitol Records, Inc.*, 2015 WL 7271565, at *4 (describing $200 as "the high end of rates typically approved in this District" for non-attorney personnel).

**II. Reasonableness of Time Expended**

Baker Botts seeks $40,042.50 for work performed over the course of October through November 2013. With the aforementioned fee adjustments for work performed by Ms. Lazo and Mr. Mitchell, the R & R reduces this fee to $28,130.[4] The R & R further imposes a five percent

[3] The R & R notes that neither Plaintiff nor counsel provided any information regarding the experience or qualifications of these paralegals, nor did they provide any explanation as to why Mr. Mitchell should receive a rate at the high end of the range for paralegals. (*See* R&R at 5-6.) The Court notes that no objections were made to the R & R as to this, or any other finding.

[4] This fee includes $910 for Mr. Reilly (1.4 hours x $650), $20,680 for Ms. Lazo (51.7 hours x $400), and $6,540 for Mr. Mitchell (43.6 hours x $150).

reduction upon Baker Botts' fee, on the basis that the 28.7 hours spent transferring the case to Wachtel Missry was an unreasonably large amount of time given the straightforward nature of the claims, the short duration of Baker Botts' involvement in this case, and the fact that 28.7 hours was a disproportionately large percentage of the 96.7 hours billed by the firm in total. Thus the R & R recommends a total of $28,130 for work performed by Mr. Reilly, Ms. Lazo, and Mr. Mitchell, less a five percent fee reduction, for a final total of $26,723.50 (.05 x 28,130 = 1,406.50; 28,130 – 1,406.50 = 26,723.50) in attorney's fees for the work performed by Baker Botts. The Court finds no error in this conclusion.

Wachtel Missry seeks $295,505.75 in attorney's fees for work completed over the course of October 2013 through June 2015. (*See* Pl.'s Mot. Fees, Ex. B., Declaration of Marc Yaggi, at 2.) The R & R correctly imposes a 15 percent reduction upon this fee to account for deficiencies in the firm's billing records, which include block entries, and vague narratives that make it difficult to determine the reasonableness of the amount of time expended on particular tasks. *See Genger*, 2015 WL 1011718, at *2 ("Across-the-board reductions in the range of 15% to 30% are appropriate when block billing is employed"); *see also De La Paz v. Rubin & Rothman, LLC*, No. 11-CV-9625-ER, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013) (reducing fee award by 30% across-the-board due to deficiencies in billing entries). With this 15 percent fee reduction, Plaintiff would receive an award in the amount of $251,179.89 (295,505.75 x .15 = 44,325.86; 295,505.75 – 44,325.86 = 251,179.89) in attorney's fees for work performed by Watchel Missry.

The R & R recommends that Plaintiff should be awarded attorney's fees in the amount of $277,903.39 ($251,179.89 for Wachtel Missry and $26,723.50 for Baker Botts).[5] The R & R's calculation of costs is supported by billing invoices and other evidence, the findings as to the reasonableness of hourly rates and hours expended for each firm are supported by the record and the law, and the lodestar calculations are correct. The Court adopts the R & R in its entirety.

**CONCLUSION**

For foregoing reasons, the Court adopts the R & R in its entirety and it is hereby ORDERED that the Clerk of Court shall enter judgment for Plaintiff against Defendant for $277,903.39 in attorneys' fees and costs.

Dated: October 17, 2016
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

[5] The Court finds no error in the R & R's conclusion that Plaintiff is not seeking an award of expenses, based upon on Plaintiff's Proposed Findings of Law and Fact, (ECF No. 112), and the Declaration of Mr. Reichman, Partner at Wachtel Missry, in support of Plaintiff's application for attorney's fees, (Pl.'s Mot. Fees, at 1-4.).