UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WATERKEEPER ALLIANCE INC.,

            Plaintiff,

   -against-

SPIRIT OF UTAH WILDERNESS, INC.,

            Defendant.
------------------------------------------------------------X

10-cv-1136 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

On February 11, 2010, Plaintiff Waterkeeper Alliance, Inc. ("Waterkeeper"), commenced this action against Defendant Spirit of Utah Wilderness, Inc. ("SUW"), alleging trademark infringement, unfair competition, and related New York State law claims. (Compl., ECF No. 1.) On May 8, 2015, this Court granted Plaintiff's application for default judgment against the Defendant, and enjoined Defendant, and all persons in active concert and participation with it, including Jeffrey Salt, from using the "Waterkeeper Marks,"[1] as designated in the Order. (Default Judgment and Order, May 8, 2015, ECF No. 100, [hereinafter "May 8, 2015 Order"].) Pending before the Court is Plaintiff's Motion to Hold Defendant in Civil Contempt for violating that Order. (ECF No. 121, [hereinafter "Pl.'s Mot."].) For the following reasons, Plaintiff's motion is GRANTED.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2017

---

[1] This term is defined in paragraph 19 of the Complaint.

1

Copies mailed/faxed 10/2/2017
Chambers of Nelson S. Román, U.S.D.J.

## BACKGROUND[2]

Plaintiff and its predecessor have used the "Waterkeeper Marks," which include the name Waterkeeper, Great Salt Lakekeeper, and related marks containing the term "keeper," since 1999. (Compl. ¶ 18.) In 2001, Great Salt Lake Audubon ("GLSA") successfully applied to become a member of Plaintiff's organization and to use the name Great Salt Lakekeeper. (*Id.* ¶ 23.) At that time, Jeffrey Salt was the Executive Director of GLSA. (*Id.*)

Plaintiff and GLSA entered into a series of license agreements, recognizing Plaintiff's ownership of the Lakekeeper mark and providing that GLSA, as licensee of this mark, would not attack Plaintiff's title of ownership, or the validity of the license. (*See* Compl. Ex. A.) In 2004, GLSA's license agreement was assigned de facto to Defendant. (Compl. ¶ 26.)

In December 2008, Plaintiff revoked Defendant's license and membership after Defendant violated the terms of its license agreement, and failed to adhere to Plaintiff's mandated quality standards. (*See id.* ¶ 27-29.) Plaintiff continued to engage in unauthorized use of the Waterkeeper Marks, including the Lakekeeper mark. (*Id.* ¶ 29, 34.)

After the completion of discovery, Defendant's counsel moved to withdraw as counsel, and their motion was granted on April 11, 2014. (*See* ECF No. 54.) Since its counsel withdrew, Defendant has been granted multiple extensions of time to obtain new counsel. At a September 4, 2014 pre-motion conference Defendant was granted final leave, until September 19, 2014, to retain counsel. Defendant failed to do so, and instead, a principal of SUW, Jeffrey Salt, filed a motion to intervene, which was denied. (*See* ECF No. 86.) Plaintiff filed an application for the entry of a default judgment in October 2014. (*See* ECF Nos. 66-68.) On December 4, 2014, a show-cause

---

[2] The Court assumes familiarity with the factual background outlined in the Court's May 8, 2015 Order. (ECF No. 100.)

2

hearing was held with respect to the default judgment, and Defendant failed to appear. On May 8, 2015, this Court granted Plaintiff's application for default judgment, noting that Defendant had assigned its alleged interest in the Waterkeeper marks at issue to Mr. Salt himself on September 19, 2014, and that this assignment appeared to have been executed to circumvent the rule that a corporation must be represented by counsel, as well as the Court's September 19, 2014 deadline for appearance by counsel. (*See* May 8, 2015 Order at 4.)

The May 8, 2015 Order enjoined Defendant and Mr. Salt, among others, from using the Waterkeeper Marks. As relevant to this motion, the Order specifically prohibited reference to Mr. Salt as the "Great Salt Lakekeeper" or use of any email address with the suffix "@greatsaltlakekeeper.org."

On July 27, 2016, Plaintiff filed a motion to hold Defendant, and its principal, Jeffrey Salt, in civil contempt on the basis that Mr. Salt had violated the May 8, 2015 Order by continuing to refer to himself as the "Great Salt Lakekeeper," and using the email address "jeffsalt@greatsaltlakekeeper.com." Defendant did not reply. Instead, Mr. Salt filed a declaration on behalf of Defendant, and on his own behalf. (*See* ECF Nos. 125, 126.) On November 21, 2016, Mr. Salt was directed to appear before the Court on January 19, 2017, to show cause as to why he should not be held civil contempt of court for failure to comply with this Court's May 8, 2015. (*See* ECF No. 132.) Mr. Salt failed to appear. Defendant has repeatedly been instructed by the Court that a corporation must be represented by counsel, and cannot appear *pro se*. (*See, e.g.*, ECF Nos. 86, 97.) Thus, the Court notes that this motion is unopposed.

**STANDARD OF REVIEW**

District courts "have inherent power to enforce compliance with their lawful order through civil contempt." *Armstrong v. Guccione*, 470 F.3d 89, 102 (2d Cir. 2006) (citing *Shillitani v.*

3

*United States*, 384 U.S. 364, 370 (1966)). The Court may hold a party in civil contempt for failure to comply with an order if "'(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citing *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995)). It need not be established that the violation was willful for a finding of contempt to be proper. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citing *Donovan v. Sovereign Sec. Ltd.,* 726 F.2d 55, 59 (2d Cir. 1984)).

## DISCUSSION

### I. Plaintiff's Contempt Motion

#### a. This Court's May 8, 2015 Order is Clear and Unambiguous

An order is sufficiently clear and unambiguous if it leaves "'no doubt in the minds of those to whom it was addressed ... precisely what acts are forbidden.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citing *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989)).

In its May 8, 2015, this Court "restrained and enjoined" "Defendant Spirit of Utah Wilderness, Inc., d/b/a Great Salt Lakekeeper or Great Salt Lake Water Keepers, *and its officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with* it, *including but not limited to Jeffrey Salt*" from, among other things: (a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof; (b) referring to Jeffrey Salt as the Great Salt Lakekeeper or the

Executive Director of the Great Salt Lakekeeper, or any other similar reference; and (d) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof, including any email with the suffix "@greatsaltlakekeeper.org". (*See* May 8, 2015 Order, at 9-11.)

The Order was clear in its parameters, the conduct that it prohibited, and its application to Mr. Salt specifically. Thus, the Court finds that the Order was clear and unambiguous.

b. <u>Mr. Salt's Non-Compliance is Clear and Convincing</u>

To satisfy the second prong, plaintiff must offer a "quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 14-CV-585 (AJN), 2017 WL 3605583, at *3 (S.D.N.Y. July 26, 2017). In support of Plaintiff's contention that they meet this standard, they offer proof in the form of the Great Salt Lake Keeper website and Mr. Salt's Linkedin page, in which Salt refers to as himself "Executive Director & Lakekeeper at Great Salt Lakekeeper" and continues to use the "jeffsalt@greatsaltlakekeeper" email address. (*See* Reichman Decl. in Supp. Pl. Mot. [hereinafter "Reichman Decl."], Exs. B, C, ECF No. 122.) This evidence demonstrates to a "reasonable certainty" that at the time Plaintiff filed its motion, Salt was in violation of this Court's May 8, 2015 Order. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 294 (S.D.N.Y. 2000) (indicating online evidence may serve as proof of violation of injunction).

c. <u>Salt Has Not Diligently Complied with the Court Order</u>

The Court may not hold a party in contempt if "the alleged contemnor has been 'reasonably

diligent and energetic in attempting to accomplish what was ordered.'" *Ferrara v. Metro D Excavation & Found., Inc.*, 10-CV-4215 (SLT) (LB), 2012 WL 6962214, at *3 (E.D.N.Y. Nov. 30, 2012), *report and recommendation adopted*, 2013 WL 357818 (E.D.N.Y. Jan. 29, 2013) (quoting *Equal Emp't Opportunity Comm'n v. Local 638*, 753 F.2d 1172, 1178 (2d Cir. 1985)). Additionally, a party may "assert noncompliance with a court's order because of inability or impossibility," but to do so, "the alleged contemnor must prove 'clearly, plainly and unmistakably' that 'compliance is impossible.'" *City of New York v. Golden Feather Smoke Shop, Inc.*, 08-CV-3966 (CBA), 2010 WL 2653369, at *7 (E.D.N.Y. June 25, 2010) (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995); citing *Nat'l Basketball Ass'n v. Design Mgmt. Consultants, Inc.*, 289 F. Supp. 2d 373, 377 (S.D.N.Y. 2003) ("[C]ompliance must be beyond the realm of possibility, not just difficult to achieve, before a party will be exonerated in a contempt proceeding.")). In support of their motion, Plaintiff attached a "cease and desist" letter, dated May 18, 2016, in which it made Mr. Salt aware that he was in violation of the Court's Order. (*See* Reichman Decl., Ex. D.) Rather than explain why, for instance, compliance could not be achieved, in a letter dated May 23, 2016, Mr. Salt merely represented that he was in fact complying with this order. (*See id.* Ex. E.) However, the apparent date of retrieval listed on the Great Salt Lake website and Mr. Salt's Linkedin page is June 8, 2016. Thus, at the time that Mr. Salt responded to Plaintiff's letter, he was not in compliance with this Court's Order, nor did he provide any explanation for his conduct. As such, as of the date that Plaintiff's motion was filed, the Court finds that Mr. Salt had not diligently complied, or attempted to comply, with the May 8, 2015 Order.

Given the satisfaction of these three prongs, the Court finds that Defendant's and Mr. Salt's contempt for failure to comply with this Court's May 8, 2015 Order has been established.

6

## II. Contempt Sanction

"[T]o the extent that a non-party is responsible for the conduct of a contemptuous corporation, courts have either sanctioned or held in contempt such a non-party individual for the actions or non-actions of that corporation." *Giuliano v. N.B. Marble Granite*, 11-MD-00753 (JG) (VMS), 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014); se*e Amerisource Corp. v. Rx USA Int'l Inc.*, 02-CV-2514 (JMA), 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010), *aff'd sub nom.*, 432 F. App'x 25 (2d Cir. 2011) (noting a court may sanction a non-party where he was "the majority shareholder, chief executive, and only person affiliated with [defendant entity] to have a substantive role in [the] litigation"). In assessing a civil contempt sanction, "the district court is vested with wide discretion in fashioning a remedy." *Casale v. Kelly*, 710 F. Supp. 2d 347, 363 (S.D.N.Y. 2010) (internal quotation marks and citations omitted); *see also Ametek, Inc. v. N. Shore Int'l, Inc.*, 16-CV-2258 (SJF) (ARL), 2017 WL 3172821, at *2 (E.D.N.Y. July 26, 2017) ("[w]here the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'") (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

Furthermore, in instances like the one before this Court, it is appropriate to impose a fine where "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" *New York State Nat. Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998); *see also CBS Broad. Inc.*, 814 F.3d at 101 ("An opportunity to purge is essential; '[t]hus a flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent

opportunity to reduce or avoid the fine through compliance.' … '[A] noncompensatory fine is civil, and thus may ordinarily be imposed in the absence of a criminal trial only if the contemnor is afforded an opportunity to purge … [However,] the fact that the sanctions were issued after [defendant] had ceased violating the Injunction does not transform them into retrospective, punitive penalties … where [defendant] ha[s] the opportunity to purge its contemptuous conduct.") (internal citations omitted).

It is within Mr. Salt's power to cease use of the Waterkeeper Marks. Specifically, it is within Mr. Salt's control to refrain from: utilizing the "jeffsalt@greatsaltlakekeeper" email address; from referring to himself as Executive Director & Lakekeeper at Great Salt Lakekeeper; and to otherwise comply with the May 8, 2015 Order. Salt has represented to the Court that he is the owner of the tradenames "Lakekeeper" and "Great Salt Lakekeeper," that he believes the May 8, 2015 Order is "null and void" and "unenforceable" as it applies to him, and that the Court lacks jurisdiction over him. (*See* ECF Nos. 119, 125.) As such, the Court believes a sanction is appropriate to achieve Defendant's and Mr. Salt's compliance with this Court's order. *See CBS Broad. Inc.*, 814 F.3d at 101 (affirming decision to hold Defendant's CEO in contempt where he "both had the power to force [Defendant] to comply and failed to 'take appropriate action within [his] power' to prevent [Defendant] from violating the injunction") (internal citations omitted); *see also Ferrara v. Metro D Excavation & Found., Inc*., 10-CV-4215 (SLT) (LB), 2012 WL 6962214, at \*3 (E.D.N.Y. Nov. 30, 2012), *report and recommendation adopted*, 2013 WL 357818 (E.D.N.Y. Jan. 29, 2013) (noting "[a]ppropriate sanctions may include a fine for each day [contemnor] fails to comply with the terms of the Court's orders) (citing *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Vintage Flooring & Tile, Inc*., 11-CV-1316 (PKC), 2012 U.S. Dist. LEXIS 101233, at \*8–9 (S.D.N.Y. July 20, 2012) (imposing daily sanctions of $50–

$300 after giving defendant fourteen days to comply); *Export–Import Bank of China v. Grenada*, 06-CV-2469 (HB), 2010 U.S. Dist. LEXIS 137310, at *14 (S.D.N.Y. Dec. 29, 2010) (imposing sanctions of $1,000 per day for lack of compliance after affording defendant a fourteen window to purge contempt)). Thus, the Court finds a civil sanction appropriate in this instance.

The Court also finds that Plaintiff is entitled to expenses, including reasonable attorney's fees. *See Fed. Trade Comm'n v. Rensin*, 687 F. App'x 3, 6 (2d Cir. 2017) ("Civil sanctions have two purposes: to coerce compliance with a court order *and to compensate a plaintiff*") (emphasis added); *Gucci Am., Inc. v. Li*, 10-CV-4974 (RJS), 2015 WL 7758872, at *2 (S.D.N.Y. Nov. 30, 2015) ("civil contempt sanctions may be used to … compensate the complainant for losses resulting from the contemnor's past noncompliance.") (citing *N.Y. Stale Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1352 (2d Cir. 1989).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to hold Defendant and Mr. Salt in civil contempt is GRANTED. Accordingly, Defendant and Mr. Salt are held in civil CONTEMPT of Court for failure to comply with this Court's May 8, 2015 Order.

In order to bring about Defendant's and Mr. Salt's compliance, without imposing too great a hardship upon these parties, the Court ORDERS Mr. Salt and Defendant, together, to do the following:

1. Immediately comply fully with the terms of the May 8, 2015 Order;
2. Provide Plaintiff and the Court with a complete list identifying with specificity all instances in which Mr. Salt has used the Waterkeeper Marks after May 8, 2015, including in documents, correspondence and on the internet, by November 2, 2017;

3.   Pay a $500 fine, plus a daily compliance fine of $100 per day for failure to comply with the May 8, 2015 Order as well as this Order; and,

4.   Pay a $700 fine for each future violation of the May 8, 2015 Order.

**The fines are suspended, conditional upon Defendant's and Mr. Salt's compliance with the May 8, 2015 Order and this Order.**[3]

Should Defendant and Mr. Salt fail to comply with any of the terms set out in the May 8, 2015 Order and/or this Order, on or after November 3, 2017, Plaintiff may move the Court to rescind the suspension and impose the stated fines upon these parties. The parties may move the Court to make reasonable amendments to this Order in light of changed or other circumstances. However, Defendant and Mr. Salt must comply fully with the terms of both Orders until any such amendments are ordered by the Court.

It is FURTHER ORDERED that, together, Defendant and Mr. Salt pay Plaintiff's expenses, including reasonable attorney's fees caused by Defendant's and Mr. Salt's contempt, to be determined by the Magistrate Judge. The Court respectfully directs the Clerk to terminate the motion at ECF No. 120. The Clerk is also directed to mail a copy of this Order to Mr. Salt at the address listed on the docket.

Dated: October 2, 2017
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[3] *See Mattina v. Saigon Grill Gourmet Rest., Inc.*, 08-CV-3332 (DC), 2009 WL 323507, at *9 (S.D.N.Y. Feb. 4, 2009) (suspending fines to allow contemnor to purge itself of contempt).