**MANDATE**

14-4601 (L)
*Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc.*

7:10-cv-01136-NSR-LMS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

Present:
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges,*
    EDGARDO RAMOS,*
        *District Judge.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 3, 2018

WATERKEEPER ALLIANCE, INC.,

    *Plaintiff-Appellee*,
v.

JEFFREY SALT,

    *Appellant*,

SPIRIT OF UTAH WILDERNESS, INC., DBA GREAT SALT LAKEKEEPER, DBA GREAT SALT LAKE WATER KEEPERS,

14-4601 (L),
15-783 (Con),
15-1836 (Con)

---

* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 04/03/2018

*Defendant*.

| | |
|---|---|
| **FOR APPELLANT:** | Jeffrey Salt, *pro se*, Salt Lake City, UT. |
| **FOR PLAINTIFF-APPELLEE:** | John H. Reichman, Wachtel Missry LLP, New York, NY. |

Appeal from a May 8, 2015 judgment of the United States District Court for the Southern District of New York (Roman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeffrey Salt, proceeding *pro se*, appeals from a May 8, 2015 default judgment and order of the United States District Court for the Southern District of New York (Roman, *J.*) in favor of plaintiff Waterkeeper Alliance, Inc. On appeal, Salt challenges the district court's prior denials of his various motions for intervention, substitution as a defendant, and reconsideration. We review for abuse of discretion the denial of Fed. R. Civ. P. 24 motions to intervene and Fed. R. Civ. P. 59(e) or 60(b) motions for reconsideration. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (reconsideration); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 182–83 (2d Cir. 2007) (intervention). A district court abuses its discretion if it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Gomez*, 805 F.3d at 423 (internal quotations omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

Waterkeeper Alliance sued the Spirit of Utah Wilderness, Inc. ("SUW") for trademark infringement in February 2010. Four years later, SUW's counsel withdrew from the case. After numerous extensions, SUW could not obtain counsel, and Salt, SUW's founder and Executive Director, moved to intervene in the action pursuant to Fed. R. Civ. P. 24(a) or (b) and for substitution as a defendant pursuant to Rule 25(c). The district court denied the motions for intervention and substitution, denied Salt's subsequent motions for reconsideration, and ultimately granted default judgment in favor of Waterkeeper Alliance, enjoining SUW and its officers and agents, including Salt, from further infringing on Waterkeeper Alliance's trademarks.

On appeal, Salt argues that the district court abused its discretion in denying his motion to intervene. We disagree. Before a court will grant a motion to intervene under Rule 24(a) or (b), the proposed intervenor must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). Salt's application to intervene was out of time. Furthermore, the district court's denials of Salt's motions for reconsideration were not an abuse of discretion because Salt did not identify any cognizable errors or facts that the district court overlooked. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

We have considered Salt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit