**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT OF UTAH WILDERNESS, INC., d/b/a GREAT SALT LAKEKEEPER, or GREAT SALT LAKE WATER KEEPERS,<br><br>Defendant. | Civil Action No. 10-CV-1136 (NSR)<br><br>ECF Case |

**PLAINTIFF WATERKEEPER ALLIANCE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO IMPOSE SANCTIONS AND HOLD DEFENDANT SPIRIT OF UTAH WILDERNESS, INC AND JEFFREY SALT IN FURTHER CONTEMPT**

WACHTEL MISSRY LLP
John H. Reichman, Esq.
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
reichman@wmllp.com
Attorneys for Plaintiff

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....... (ii)

PRELIMINARY STATEMENT ....... 1

STATEMENT OF FACTS ....... 2

A. BACKGROUND ....... 2

ARGUMENT ....... 5

POINT I ....... 4

THE COURT SHOULD HOLD DEFENDANT AND SALT IN FURTHER CONTEMPT ....... 4

A This Court's Orders Were Clear and Unambiguous. ....... 6

B The Proof of Salt's and Defendant's Non-Compliance is Clear and Convincing. ....... 6

C Salt Did Not Comply With The Court's Orders. ....... 7

POINT II ....... 6

THIS COURT SHOULD IMPOSE THE CONTEMPT ORDER'S SANCTIONS, HOLD SALT IN FURTHER CONTEMPT, AND IMPOSE THE STRICTEST SANCTIONS TO BRING ABOUT SALT'S COMPLIANCE ....... 8

CONCLUSION ....... 10

**TABLE OF AUTHORITIES**

## Cases

A.V. by Versace, Inc. v. Gianni Versace S.p.A.,
87 F. Supp. 2d 281 (S.D.N.Y. 2000)........ 7
Armstrong v. Guccione,
470 F.3d 89 (2d Cir. 2006)........ 5
Barcia v. Sitkin, 79 CIV. 5831 (RLC),
1997 WL 66785 (S.D.N.Y. Feb. 14, 1997)........ 7
Casale v. Kelly,
710 F. Supp. 2d 347 (S.D.N.Y. 2010)........ 9
Donovan v. Sovereign Sec., Ltd.,
726 F.2d 55 (2d Cir. 1984)........ 5
Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.,
689 F. Supp. 2d 585 (S.D.N.Y. 2010)........ 9
King v. Allied Vision, Ltd.,
65 F.3d 1051 (2d Cir. 1995)........ 5, 6
Levin v. Tiber Holding Corp.,
277 F.3d 243 (2d Cir. 2002)........ 6
Natl. Basketball Ass'n v. Design Mgt. Consultants, Inc.,
289 F. Supp. 2d 373 (S.D.N.Y. 2003)........ 6
New York State Nat. Org. for Women v. Terry,
159 F.3d 86 (2d Cir. 1998)........ 8
Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,
369 F.3d 645 (2d Cir. 2004)........ 5
Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc.,
673 F.2d 53 (2d Cir. 1982)........ 8
Schmitz v. St. Regis Paper Co.,
758 F. Supp. 922 (S.D.N.Y. 1991)........ 7
Shillitani v. U.S.,
384 U.S. 364 (1966)........ 5
Weitzman v. Stein,
98 F.3d 717 (2d Cir. 1996)........ 5, 8

**Preliminary Statement**

Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff" or "Waterkeeper") seeks an order holding defendant Spirit of Utah Wilderness, Inc. ("SUW" or "Defendant") and its principal, Jeffrey Salt ("Salt"), in further contempt for continuing to willfully violate the Default Judgment and Order issued in this action on May 8, 2015 (the "Initial Order") and imposing the sanctions outlined in the Court's October 2, 2017 Contempt Order (the "Contempt Order" and together with the Initial Order, the "Orders").

The Initial Order, among other things, prohibited Salt from: (a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, (b) referring to Salt as the Great Salt Lakekeeper or the Executive Director of the Great Salt Lakekeeper, or making any other similar reference; (c) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including any email with the suffix "@greatsaltlakekeeper.org".

Salt blatantly violated the Initial Order and Plaintiff moved to hold Salt in contempt. In the Contempt Order, the Court found that Salt violated the Initial Order by continuing to refer to himself as the Great Salt Lakekeeper and using the email address "jeffsalt@greatsaltlakekeeper.com". The Contempt Order required Salt and SUW to, among other things, (1) comply with the Initial Order; (2) by November 2, 2017, provide Waterkeeper with a complete list identifying with specificity all instances in which Salt used the Waterkeeper Marks after the date of the Initial Order; (3) pay a $500 fine, plus a daily compliance fine of $100 for failing to comply with the Initial Order; and (4) pay a

$700 fine for each future violation. The Court suspended the fines in the Contempt Order conditional upon Salt's compliance with it and the Initial Order. The Contempt Order further provided that if Salt failed to comply with the terms the Orders, Waterkeeper could move to rescind the suspension and impose the fines outlined in the Contempt Order.

In violation of the Contempt Order, Salt has failed to provide Waterkeeper with a list identifying the instances in which he used the Waterkeeper Marks following the Initial Order, and he also continues to violate the Initial Order by infringing upon the Waterkeeper Marks.

A party is in civil contempt of a court order if it breached the order, the order was clear and unambiguous, the proof of the breach is clear and convincing, and the party did not diligently attempt in a reasonable manner to comply with the order. All of these factors are present here: both Orders were clear and unambiguous; there is clear and convincing evidence that Salt has breached the Orders – including Salt's failure to provide Waterkeeper with an accounting of his violations, his continuing use of the "jeffsalt@greatsaltlakekeeper.com" email address, his continuing reference to himself as the "Great Salt Lakekeeper"; and his refusal to acknowledge his violations of the Orders. The Court should hold Salt in violation of both Orders, impose the fines and sanctions in the Contempt Order, hold Salt in further contempt of the Orders and impose the strictest sanctions for his continued willful contempt of the Orders.

## STATEMENT OF FACTS

### A. BACKGROUND

Plaintiff Waterkeeper is an environmental organization and it has used the name "Waterkeeper" and other related marks containing the term "keeper" ("the Waterkeeper

Marks") since 1999, including the marks Creekkeeper, Baykeeper, and Lakekeeper. (Initial Order 2.) Waterkeeper has approximately 200 member organizations, and each member organization has obtained a license from Waterkeeper to use the Waterkeeper Marks. (Id.)

Defendant became a member organization of Waterkeeper. (Id.) However, after learning that Salt had been arrested for severely beating his girlfriend (he was ultimately imprisoned for this) and other irregularities, Waterkeeper revoked SUW's license and membership, as well as Salt's right to continue to use the Waterkeeper Marks. (Id.) After Salt continued to refer to himself as the Great Salt Lakekeeper and use the email address, Jeffsalt@greatsaltlakekeeper.com, Waterkeeper commenced suit alleging trademark infringement, unfair competition, and related New York State law claims in order to prevent Salt from continuing to use the Waterkeeper Marks. (Id. at 3.)

During the course of litigation, SUW's counsel withdrew. SUW, a corporate defendant, was unable to retain new counsel. (Id.) Nearly six months thereafter, still unable to retain new counsel and appear by counsel, SUW defaulted. (Id.) On May 8, 2015, this Court issued the Initial Order enjoining SUW and Salt from, among other things:

(a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper. Great Salt Lake Water Keepers, and/or variants thereof;

(b) referring to Jeffrey Salt as the Great Salt Lakekeeper or the Executive Director of the Great Salt Lakekeeper, or any other similar reference;

(c) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt

Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof, including any email with the suffix "@, greatsaltlakekeeper.org"; (emphasis added) (Id. at 10-11).

A copy of the Initial Order is annexed to the Reichman Decl.[1] as Ex. A.

In 2016, Waterkeeper discovered that Salt has continued to refer to himself to as the executive director of the Great Salt Lakekeeper and continued to use the email "@greatsaltlakekeeper.org". Accordingly, on July 27, 2016 Waterkeeper filed a motion to hold Salt in contempt of the Initial Order. (Contempt Order 3.) On October 2, 2017, the Court granted Waterkeeper's motion and issued the Contempt Order. (Contempt Order 10.) A copy of the Contempt Order is annexed to the Reichman Decl. as Ex. B. The Contempt Order ordered Salt to:

(a) Immediately comply fully with the terms of the [Initial Order];

(b) Provide [Waterkeeper] and the Court with a complete list identifying with specificity all instances in which Mr. Salt has used the Waterkeeper Marks after May 8, 2015, including in documents, correspondence and on the internet, by November 2, 2017;

(c) Pay a $500 fine, plus a daily compliance fine of $100 per day for failure to comply with the [Initial Order] as well as [the Contempt Order]; and

(d) Pay a $700 fine for each future violation of the [Initial Order].

The Contempt Order suspended the fines, conditional upon Salt's compliance with the Orders by November 2, 2017. (Contempt Order 9-10.) Salt has failed to comply with the

[1] "Reichman Decl." shall refer to the Declaration of John H. Reichman, sworn to February 8, 2018.

Orders. (Reichman Decl. ¶ 9.) Salt never provided Waterkeeper with a complete list of all of the instances in which he violated the Initial Order. Additionally, Salt continues to violate the Initial Order by using the email address "jeffsalt@greatsaltlakekeeper.org"; maintaining the website "greatsaltlakekeeper.org"; and publicly referring to himself as the "Great Salt Lakekeeper" on Linkedin.com and "Lakekeeper" on the greatsaltlakekeeper.org website. (Reichman Decl. ¶¶ 5, 6.)

## ARGUMENT

### I. THE COURT SHOULD HOLD DEFENDANT AND SALT IN FURTHER CONTEMPT

It is well established that "that courts have inherent power to enforce compliance with their lawful order[sic] through civil contempt." Armstrong v. Guccione, 470 F.3d 89, 102 (2d Cir. 2006) quoting Shillitani v. U.S., 384 U.S. 364, 370 (1966). The purpose of civil contempt is to ensure a party's future compliance with court orders, and to compensate victims of contempt for harms sustained as a result thereof. See Weitzman v. Stein, 98 F.3d 717, 720 (2d Cir. 1996); King v. Allied Vision, Ltd., 65 F.3d 1051, 1062 (2d Cir. 1995).

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). It need not be established that the violation was willful. Id. at 655 citing Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 59 (2d Cir. 1984). As demonstrated below, all three conditions for contempt are met in this case.

**A. <u>This Court's Orders Were Clear and Unambiguous.</u>**

"An order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed' or required." Natl. Basketball Ass'n v. Design Mgt. Consultants, Inc., 289 F. Supp. 2d 373, 377 (S.D.N.Y. 2003). Further, a clear and unambiguous order "leaves 'no uncertainty in the minds of those to whom it is addressed,' who 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'" King v. Allied Vision, Ltd., 65 F.3d at 1058 (internal citations omitted).

The Court's Initial Order was clear and unambiguous. It was specific and definite enough to put Salt on notice that he was prohibited from using an email ending in @greatsaltlakekeeper or as referring to himself as the Executive Director of the Great Salt Lakekeeper.

The Court's Contempt Order was also clear and unambiguous. It too provided Salt with notice of his violation of the Initial Order, and contained specific details and instructions on how to purge his contempt, i.e. by providing an accounting of all instances of his infringement, and by abiding by the terms of the Initial Order.

**B. <u>The Proof of Salt's and Defendant's Non-Compliance is Clear and Convincing.</u>**

The standard of clear and convincing evidence requires the alleging party to demonstrate to a "reasonable certainty" that a court order was violated. See Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002). Waterkeeper meets this standard. The Great Salt Lakekeeper website and Salt's LinkedIn page each refer to Salt as the "Lakekeeper" and "Great Salt Lakekeeper," respectively. See Reichman Decl. Exs. C and E. Moreover, Salt continues to use the jeffsalt@greatsaltlakekeeper.com email address.

See Reichman Decl. Ex. D. The SDNY ECF notice email Salt uses is jeffsalt@greatsaltlakekeeper.com, and the "Email Us" email link on the Great Salt Lakekeeper website is a link to email jeffsalt@greatsaltlakekeeper.com. See Reichman Decl. Ex. D.

This evidence adequately demonstrates to a "reasonable" certainty that a violation occurred." Similar "online evidence" has been found to be "clear and convincing" proof of a violation of a preliminary injunction. See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 294, 294–95 (S.D.N.Y. 2000).

**C. Salt Did Not Comply With The Court's Orders.**

In analyzing a party's diligence in compliance with an order, courts "examine the defendant's actions and consider whether they are based on a good faith and reasonable interpretation of the court order." Schmitz v. St. Regis Paper Co., 758 F. Supp. 922, 927 (S.D.N.Y. 1991). A party's ability to comply with an order "must be beyond the realm of possibility, not just difficult to achieve, before a party will be exonerated in a contempt proceeding." Barcia v. Sitkin, 79 CIV. 5831 (RLC), 1997 WL 66785, at *2 (S.D.N.Y. Feb. 14, 1997). After Waterkeeper initially learned that Salt had continued to refer to himself as the "Great Salt Lakekeeper", Waterkeeper demanded that Salt "cease and desist." See Reichman Decl. Ex. F and filed its first motion for contempt. Salt responded to the cease and desist letter by saying that he was in acting in accordance with the Initial Order and that he would continue to do so, without an apology or explanation. See Reichman Decl. Ex. G. Indeed, Salt did not protest to Waterkeeper that he could not comply or that compliance was impossible. Rather, he falsely assured Plaintiff that he was in compliance with the Initial Order, even though he clearly was not. Furthermore, Salt failed to abide by

the Initial Order after being served with the Contempt Order, and has additionally failed by abide by the Contempt Order by failing to provide Waterkeeper with a list of his infringement by November 2, 2017. Salt has not diligently attempted in a reasonable manner to comply with the Orders.

## II. THIS COURT SHOULD IMPOSE THE CONTEMPT ORDER'S SANCTIONS, HOLD SALT IN FURTHER CONTEMPT, AND IMPOSE THE STRICTEST SANCTIONS TO BRING ABOUT SALT'S COMPLIANCE

In assessing sanctions for civil contempt, district courts have "wide discretion in fashioning a remedy." Weitzman, 98 F.3d at 719. "[A] sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc., 673 F.2d 53, 56 (2d Cir. 1982).

A court may impose a fine if "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act [paying a fine], and thus 'carries the keys of his prison in his own pocket." New York State Nat. Org. for Women v. Terry, 159 F.3d 86, 93 (2d Cir. 1998). This is certainly the case here as it is entirely in Salt's control whether or not to continue to refer to himself as the Great Salt Lakekeeper, as well as to refrain from using hosting the greatsaltlakekeeper.org website and email address that he has been prohibited from using.

> The district court is counseled to consider several factors in calculating a fine, including 'the character and magnitude of the harm threatened by continued contumacy,' the 'probable effectiveness of any suggested sanction in bringing about [compliance],' and the contemnor's ability to pay." "The ultimate consideration is whether the coercive sanction—here, a fine—is reasonable in relation to the facts." "[A]

> financial penalty may be the most effective means of insuring compliance" if a city refuses to adhere to a court order.
>
> Casale v. Kelly, 710 F. Supp. 2d 347, 363 (S.D.N.Y. 2010).

In Casale the court determined that a "monetary fine per future incident of enforcement is the only remedy that will bring about true, long-term compliance with the Orders." Id. at 364. In Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., the court justified its imposition of sanction of $1,000 for each of defendant's future violations because the defendant had already committed numerous violations of the order that plaintiff knew about, and there were likely other violations that plaintiff did not know about. 689 F. Supp. 2d 585, 602 (S.D.N.Y. 2010), amended on reconsideration (Mar. 23, 2010).

In light of Salt's continued failure to comply with the Orders, the Court should impose the fines and sanctions outlined in the Contempt Order. The Court should additionally impose the strictest sanctions available to it, including incarceration, in order to bring about Salt's compliance with the Orders and end his contumacious behavior.

**CONCLUSION**

For the reasons stated above, Waterkeeper respectfully requests that the Court impose the fines outlined in the Contempt Order, hold Salt in further contempt of both the Initial Order and the Contempt Order, and impose the strictest sanctions to bring about Salt's compliance.

Dated: New York, New York
February 8, 2018

Respectfully submitted,

_/S/_*John H. Reichman*_

John H. Reichman, Esq.
Wachtel Missry LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017 (
(212) 909-9500
reichman@wmllp.com
*Attorneys for Plaintiff*