# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>SPIRIT OF UTAH WILDERNESS, INC.,<br>d/b/a GREAT SALT LAKEKEEPER, or<br>GREAT SALT LAKE WATER KEEPERS,<br><br>     Defendant. | Civil Action No. 10-CV-1136 (NSR)<br><br>**DECLARATION OF**<br>**JOHN H. REICHMAN** |

  John H. Reichman declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

  1.  I am a member of the Bar of this Court and of Wachtel Missry LLP, attorneys for plaintiff Waterkeeper Alliance, Inc. ("Waterkeeper" or "Plaintiff") in the above-entitled action. I am fully familiar with all the facts and circumstances set forth herein.

  2.  I submit this declaration in support of Waterkeeper's motion to imprison defendant Jeffrey Salt ("Salt" or "Defendant") for his continuous contempt and violations of this Court's (i) May 8, 2015 Default Judgment and Order (the "Initial Order"), which enjoined Salt from using Waterkeeper's registered trademarks; (ii) this Court's October 2, 2017 Contempt Order (the "First Contempt Order"); and (iii) the April 5, 2019 Order (the "Second Contempt Order") (referred to collectively herein, at times, as the "Orders"). The Second Contempt Order, among other things, granted Plaintiff leave to move for Salt's imprisonment if he remained in contempt of this Court's Orders. True and correct copies of the Initial Order,

the First Contempt Order, and the Second Contempt Order are annexed hereto as **Exhibits A, B, and C**, respectively.

3. This action arose out of the Defendant's improper and unauthorized use of Waterkeeper's trademarks (the "Waterkeeper Marks"). The Initial Order enjoined Salt from, among other things, using the name "Waterkeeper" and other related marks containing the term "keeper" as well as any email address containing the suffix "@greatsaltlakekeeper.com."

4. The First Contempt Order was entered as a result of Salt's continued use of Plaintiff's trademarks in blatant violation of the Initial Order. The First Contempt Order ordered Salt to:

(i) immediately and fully comply with the terms of the Initial Order;

(ii) provide Plaintiff and the Court with a complete list identifying with specificity all instances in which Salt has used the Waterkeeper Marks after May 8, 2015, including in documents, correspondence, and on the internet;

(iii) pay a $500 fine, plus a daily compliance fine of $100 per day for failure to comply with the Initial Order and the Contempt Order; and

(iv) pay a $700 fine for each future violation of the Initial Order.

5. The First Contempt Order suspended the fines conditioned upon Salt's compliance with the Orders by November 2, 2017. *See* Ex. B. However, Salt continued in his failure to comply with the Initial Order as he did not provide a complete list of all the instances in which he violated the Initial Order and did not pay the required fines by November 2, 2017.

6. This led Plaintiff to file a second contempt motion. That motion demonstrated that Salt continued to violate the Initial Order and First Contempt Order by, among other

things, continuing to use the email address "jeffsalt@greatsaltlakekeeper.org"; maintaining the website "greatsaltlakekeeper.org"; and continuing to publicly refer to himself as the "Great Salt Lakekeeper" on the website www.LinkedIn.com.

7. After an evidentiary hearing, this Court entered the Second Contempt Order, which found that Salt continued to violate the Initial Order and First Contempt Order by publicly referring to himself as the "Great Salt Lakekeeper" and "Lakekeeper" on the LinkedIn website and on Salt's website, www.greatsaltlakekeeper.org. (Tr. 9, 19 – 22.) This Court also found that at a State of Utah legislation committee hearing, Salt publicly identified himself as "the Director of Great Salt Lakekeeper and Friends of Utah Lake." (Tr. 30.) Subsequent media coverage of the hearing referred to Salt as "Director of the Great Salt Lakekeeper" on the basis of Salt's statements. (Tr. 31.)

8. The Court further found that in violation of the Initial Order and First Contempt Order, Salt had: (i) failed to provide Waterkeeper or the Court with a list of the instances in which he violated the Initial Order (Tr. 10-11.); (ii) had not paid the fines he was required to pay (Tr. 11); (iii) continued to use the email address jeffsalt@greatsaltlakekeeper.org subsequent to the date of the Orders (Tr. 9-10, 17, 22-24); and (iv) continued to maintain the website "greatsaltlakekeeper.org." (Tr. 12-17.)

9. The Court also found that the First Contempt Order was clear and unambiguous. The First Contempt Order provided defendant Spirit of Utah Wilderness ("SUW") and its principal, Salt, with notice of how Salt violated the Initial Order by using the prohibited email domain and executive title and contained specific details and instruction on how Salt could purge his contempt, *i.e.*, by accounting for all instances of his infringement, and by abiding by the terms of the Initial Order.

10. This Court concluded that undisputed evidence demonstrates to a "reasonable certainty" that SUW and Salt had violated the Initial Order and First Contempt Order and that Salt had not provided any justification for failing to comply with this Court's Orders.

11. Based on the Court's finding that SUW, its officers, and Salt have continued to disobey this Court's prior orders, the Second Contempt Order directed Salt to post the following statement on their or his website, on any related LinkedIn account, and any other place where he describes his work or employment history:

> Pursuant to the order of the United States District Court, S.D.N.Y., the SPIRIT OF UTAH WINDERNESS, INC., d/b/a GREAT SALT LAKEEPER, and or GREAT SALT LAKE WATER KEEPERS, along with its officers, including Jeffrey Salt, have no right to use any of the trademarks of the Waterkeeper Alliance, including the name Great Salt Lakekeeper.  I am not the Great Salt Lakekeeper and have had no connection of any kind with Waterkeeper Alliance or any of its member organizations.

Salt was further ordered to post this statement (the "Statement") continuously for two (2) years commencing from the date the Statement is first posted. *See* Ex. C.

12. Salt was also ordered to pay the fines set forth in the First Contempt Order within forty-five (45) days of the date of service of the Second Contempt Order.  The Second Contempt Order was served on May 22, 2019. *See* ECF Doc. 166.  The amount of these fines are: (i) $500.00, the initial amount set forth in the First Contempt Order; (ii) $2,100, for three of the discreet violations of the Initial Order (using the Lakekeeper email address, holding himself out as the Great Salt Lakekeeper, and maintaining the greatsaltlakekeeper website); and $100 per day for the period from May 15, 2015 to the date of this Order.  Salt was required to pay the fines by no later than 45 days after service of the Second Contempt Order, which meant that Salt was required to pay the fines on or before July 6, 2019.

13. In the event that Salt alleges that he has insufficient funds to pay all of the fines, Salt was directed within 45 days of the date of this Second Contempt Order to pay that portion of the fine that he had the resources to pay and serve on Plaintiff's counsel and file with the Court an affidavit (the "Affidavit") detailing Salt's personal finances in every material respect.

14. The Court also ordered that:

> After Salt has filed and served his Affidavit, or once the time for Salt to do has expired, whichever is earlier, Waterkeeper shall have the right to serve written interrogatories and document demands on Salt with respect to the Affidavit, Salt's personal finances, and Salt's compliance with the Orders. Salt shall provide answers to any such interrogatories and responsive documents within 30 days of the date that they are served. Waterkeeper shall have the further right to subpoena Salt and take his worn testimony on 20 days notice to Salt with respect to the aforementioned matters.

*See* Ex. C.

15. Finally, and most importantly for this motion, the Second Contempt Order provides that if: "<u>Salt does not fully comply with the Orders, Waterkeeper is granted leave to move for Salt's imprisonment and any other appropriate relief. This Court may so order Salt's arrest and confinement if the Court finds that Salt has continued to violate the Orders</u>." *Id.* (emphasis supplied).

16. Salt has continued to blatantly violate all three of the prior orders of this Court in the following respects:

    (i) Salt did not post the Statement;

    (ii) Salt did not pay the fines the Court ordered and did not provide an Affidavit or otherwise allege that he had insufficient funds to pay the fines;

(iii) Salt did not respond to the interrogatories and document requests which were served upon him. Copies of the interrogatories and document requests are annexed hereto as **Exhibits D and E** respectively;

(iv) Salt failed to provide Plaintiff with a list of his infringements of Waterkeeper's registered trademarks as required by the First Contempt Order;

(v) As set forth in the accompanying declaration of Daniel Estrin, Salt has continued to refer to himself as the Great Salt Lakekeeper on his website;

(vi) As set forth in the Estrin declaration, on the current State of Utah registration for SUW, Salt lists himself as SUW's registered agent and states that SUW is doing business as the "Great Salt Lakekeeper"; and

(vii) As set forth in the Estrin declaration, Salt continues to refer to himself as the Great Salt Lakekeeper on his LinkedIn website page.

17.   Salt received this Court's prior orders and was thus well aware that his continued flaunting of this Court's Orders could result in his imprisonment. Salt unsuccessfully appealed the Initial Order and has appealed the First Contempt Order. The Second Contempt Order was mailed to Salt at his address, 723 E. Lisonbee Avenue, Salt Lake City, Utah, which is the address that Salt gave the Second Circuit as his address on the brief he submitted in support of his pending appeal, Docket No. 17-3568, on or around May 17, 2019. The cover page of Salt's appellate brief is annexed hereto as **Exhibit F**.

18.   Salt has continued to directly and willfully flaunt and violate this Court's Orders without excuse, justification, or remorse. We are a country of laws. Immediate imprisonment

is now the only option. Salt should remain imprisoned until such time as he is in full compliance with this Court's Orders.

DATED:  New York, New York
        December 5, 2019

                                        /s/ *John H. Reichman*
                                        John H. Reichman