UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPIRIT OF UTAH WILDERNESS, INC., d/b/a GREAT SALT LAKEKEEPER, or GREAT SALT LAKE WATER KEEPERS, <br><br> Defendant. | Case No. 10-cv-1136 (NSR) <br><br> **PLAINTIFF'S INTERROGATORIES TO JEFFREY SALT** |
| SPIRIT OF UTAH WILDERNESS, INC., d/b/a GREAT SALT LAKEKEEPER, or GREAT SALT LAKE WATER KEEPERS, <br><br> Counterclaimant, <br><br> v. <br><br> WATERKEEPER ALLIANCE, INC., <br><br> Counterdefendant. | |

PLEASE TAKE NOTICE that, pursuant to the contempt order issued by the Court, dated April 5, 2019, plaintiff Waterkeeper Alliance, Inc. ("Plaintiff"), by its attorneys, Wachtel Missry LLP, hereby demand that Jeffrey Salt ("Salt") answer each of the interrogatories set forth below, in writing and under oath, within 30 days of the date hereof.

092485-001/00207066-5

## **DEFINITIONS**

The words and phrases in this document request are defined as follows:

1.  **Communication.** The term "communication" means the electronic, oral or written transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.  **Document.** The term "document" is used herein in the broadest possible sense and means any written, graphic, or other recorded (whether visually, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed, or retrieved, whether originals, copies or drafts (including, without limitation, non-identical copies), however produced or reproduced. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy.

3.  **Identify (With Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

4.  **Parties and Names.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean such person and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries and representatives or persons under its control.

5.  **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6. <u>Concerning.</u> The term "concerning" means concerning to, referring to, regarding, comprising, concerning, describing, evidencing or constituting.

7. <u>All/Each.</u> The term "all" and "each" shall be construed as all and each.

8. <u>And/Or.</u> The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

9. <u>Number.</u> The use of the singular form of any word includes the pleural and vice versa.

10. <u>Including.</u> The term "including" means "including but not limited to."

11. "<u>Plaintiff</u>" means plaintiff Waterkeeper Alliance Inc. and its predecessors, successors, assignees, affiliates, agents, employees, shareholders, managers, officers, directors, insurance companies, attorneys, accountants, investigators, representatives or any other person or entity acting on its behalf or under its control.

12. "<u>SUW</u>" means defendant Spirit of Utah Wilderness Inc., d/b/a Great Salt Lakekeeper, or Great Salt Lake Water Keepers and its predecessors, successors, assignees, affiliates, agents, employees, shareholders, managers, officers, directors, insurance companies, attorneys, accountants, investigators, representatives or any other person or entity acting on its behalf or under its control.

13. "<u>Salt</u>" shall refer to SUW's purported Executive Director, Jeffrey Salt.

14. "<u>You</u>" or "<u>Your</u>" shall refer to defendant SUW and Salt.

15. "<u>Action</u>" shall refer to the federal court suit commenced by Plaintiff in the Southern District of New York, Case No. 10-cv-1136.

16. "<u>Complaint</u>" means the Complaint filed by the Plaintiff in the Action.

17. "Order" means the contempt order, dated April 5, 2019, that was entered in the action by Judge Nelson S. Roman, which imposed financial penalties on Salt for his failure to comply with the Court's prior orders and directives and authorized Plaintiff to serve written interrogatories and documents requests on Salt upon his failure to timely file an affidavit disclosing his personal finances.

18. "Waterkeeper Marks" means the name "Waterkeeper" and other related marks containing the term "keeper", including, but not limited to, the marks Creekkeeper, Baykeeper, and Lakekeeper.

19. "The Default Order" means the Order issued by the Court on May 8, 2015 in the Action.

20. "The Contempt Order" means the order issued by the Court in this Action on October 2, 2017.

**GENERAL INSTRUCTIONS**

1. If you object to any interrogatory or part thereof, (a) state with specificity all grounds for such objection, and (b) respond to the Interrogatory to the extent not objected to.

2. Where a claim of privilege is asserted in objecting to any Interrogatory, or sub-part thereof, and the requested information is not provided on the basis of such assertion:

(a) in the objection to the Interrogatory, or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

  (b)  provide the following information:

  (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena <u>duces tecum</u>, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other;

  4.  If any document requested herein was formerly in your possession, custody or control, but is no longer in your possession or control: (i) identify each such document (pursuant to definition (3) above); (ii) identify each person who now has or ever had possession, custody or control of such documents; and (iii) state, to the extent known to you, the reason the document is no longer in your possession, custody or control and the circumstances under which it ceased to be in your possession, custody or control.

  5.  Unless otherwise specified, all document requests cover the time period from January 1, 2013 through the date of your response.

  6.  Each Interrogatory request shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of trial.

INTERROGATORIES

1.     Identify all persons providing answers to these Interrogatories and give a brief description of the knowledge held by each such person.

2.     What is your social security number and date of birth?

3.     What is your present residential address as well as your business address and occupation?

4.     State whether you have lived with anyone in the previous full year. If so, provide the full name of any such person(s).

5.     List all employers (including self-employment) or others you have done work for since January 1, 2013, as an employee, agent, independent contractor, or any other basis, listing in each instance the compensation you received.

6.     List each place you have lived in since January 1, 2013, stating the dates of each residence and the owner of each residence and the rent, if any, you paid.

7.     Are you married?

8.     If you are married please indicate the full name of your spouse and, if employed, your spouse's occupation and employer and the employer's address.

9.     Do you or your spouse, if any, own any real property or any interest in real property? If so, list by address and legal description any such properties and specify with respect to each property its purchase or acquisition date, the amount of the purchase price, the source or the manner of its acquisition, and from whom it was acquired.

10.    Do you or your spouse, if any, own or have any interest in any of the following:

      (a) Stocks, bonds, negotiable instruments, or other securities?

      (b) Promissory notes, drafts, bills of exchange or other commercial papers?

(c) Judgments, contract rights, claims, or causes of action?

(d) Jewelry or antiques?

(e) Stamp collections or coin collections?

(f) Automobiles or trucks?

(g) Patents, inventions, trade names, trademarks or copyrights?

(h) Warehouse receipts, bills of lading or other documents of title?

(i) A business or commercial venture of any kind?

11. If you or your spouse, if any, own any of the property described in Interrogatory No. 10, above, give the full particulars of your ownership.

12. Do you or your spouse, if any, own any other property or business interest not inquired about in Interrogatory No. 10, above? If so, state full particulars of your ownership.

13. If any of the property inquired about in Interrogatory Nos. 10 or 12 is subject to liens, mortgages, pledges, attachments, or other encumbrances, state the full details and the status of any such liens, mortgages, pledges, or encumbrances and identify the office(s) where such information has been indexed and/or recorded.

14. Do you or your spouse, if any, have an interest in any checking or savings account or accounts whether under you or your spouse's name, under a trade or corporate name, or in association with others as of the date of these responses or within 5 years prior thereto? If so, state for each account the name and address of the bank or savings institution where the account is maintained, the account number, and the amount of the balance in the accounts as of the date the answers to these Interrogatories are sworn to.

15. Do you or your spouse have an interest in any safe deposit box under you or your spouse's name, under a trade or corporate name, or in association with others as of the date of these responses or within 5 years prior thereto? If so, state for each safety deposit box the name and address of the bank or savings institution where the box is maintained, the box number, and describe the contents of each box as of the date the answers to these Interrogatories are sworn to.

16. Did you file federal or state income tax returns in the last 5 years? If so, have you retained copies of the returns?

17. Have you issued any you issued any financial statement in the past 5 years? If so, to whom and when?

18. What books and records do you keep, if any, showing your income and expenses?

19. What actions have you taken to comply with the Court's Orders of May 8, 2015, October 2, 2017, and April 5, 2019?

20. Have you posted in any place the following statement (the "Statement") set forth in the Court's April 5, 2019 Memorandum and Order?

> Pursuant to the order of the United States District Court, S.D.N.Y., the SPIRIT OF UTAH WILDERNESS, INC., d/b/a GREAT SALT LAKEKEEPER, and or GREAT SALT LAKE WATER KEEPERS, along with its officers, including Jeffrey Salt, have no right to use any of the trademarks of the Waterkeeper Alliance, including the name Great Salt Lakekeeper. I am not the Great Salt Lakekeeper and have had no connection of any kind with Waterkeeper Alliance or any of its member organizations.

21. If you have answered Interrogatory No. 20 in the affirmative, list and describe each place you had posted the Statement and the date of each posting.

22. Describe, including by date, time, and place each time you have ever identified yourself as the Great Salt Lake Keeper or used a Waterkeeper Mark subsequent to the entry of the Default Order.

23. Describe, including by date, time, and place, each time you have ever communicated orally or in writing that you were not or you were no longer the Great Salt Lake Keeper since the entry of the Default Order.

24. Describe and list each instance in which you have used the domain suffix @greatsaltlakekeeper.org or some variation of that domain suffix.

25. Describe and list each instance in which you have used the Waterkeeper Marks.

26. Have you or your spouse received an inheritance or bequest of any kind regardless of the date?

27. If you responded in the affirmative to Interrogatory No. 26, above, give the full particulars of the inheritance or bequest received by your or your wife.

28. Identify all documents that have information responsive to any of the aforementioned Interrogatories. In lieu of identifying a document, you may produce the documents in response in Plaintiff's accompanying Document Request.

29. State whether you are doing volunteer or paid work for any non-profit entity. If so, describe in detail the nature of your work and identify the names of all individuals with whom you work.

Dated: New York, New York
September 13, 2019

                          **WACHTEL MISSRY, LLP**

By: _/s/ Jason Libou_
John H. Reichman
Jason L. Libou
*Attorneys for Plaintiff*
885 Second Ave., 47th Floor
New York, New York 10017
(212) 909-9500

To:    Spirit of Utah Wilderness, Inc.
        723 East Lisonbee Ave.
        Salt Lake City, Utah 84106

        Jeffrey Salt
        723 East Lisonbee Ave.
        Salt Lake City, Utah 84106