USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 1/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
WATERKEEPER ALLIANCE INC., :
:
                 Plaintiff, :      10-cv-1136 (NSR)
-against- :      OPINION
:      AND ORDER
SPIRIT OF UTAH WILDERNESS, INC., :
d/b/a GREAT SALT LAKEKEEPER, or :
GREAT SALT LAKE WATER KEEPERS, :
                Defendant. :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff" or "Waterkeeper") commenced this action asserting claims against Defendant Spirit of Utah Wilderness, Inc. ("SUW") and its officers for, *inter alia*, trademark infringement. Presently before the Court is Plaintiff's motion seeking to hold Defendant SUW, its officers, and Jeffrey Salt[1] ("Salt") in further contempt and for an order of imprisonment. For the following reasons, the motion is GRANTED.

**BACKGROUND**

    The Court assumes familiarity with the long and protracted history of this action.

    Plaintiff Waterkeeper is an environmental organization, which currently has approximately 330 worldwide member and affiliate organizations. Each member organization protects a watershed or water body. Waterkeeper uses the name "Waterkeeper" and other related marks containing the term "keeper" (the "Waterkeeper Marks" or "Marks"), including the marks Creekkeeper, Baykeeper, and Lakekeeper. Each member and affiliate organization obtains a license from Plaintiff to use the Waterkeeper Marks.

---

[1] Jeffrey Salt is a principal and officer of Defendant Spirit of Utah Wilderness, Inc.

Defendant SUW was a former member organization of Plaintiff. Jeffrey Salt ("Salt") is SUW's principal and SUW was granted a conditional license to use the Great Salt Lakekeeper name pursuant to a license agreement. Subsequently, Salt was arrested, prosecuted for assault, convicted and incarcerated. Because of this conduct and other irregularities, which violated the license agreement, Waterkeeper revoked SUW's license and membership, as well as Salt's right to continue to use the Waterkeeper Marks.

After revoking the license, Salt continued to use the Waterkeeper Marks, refer to himself as the Great Salt Lakekeeper, and use the email address, Jeffsalt@greatsaltlakekeeper.com. Plaintiff commenced this action alleging trademark infringement, unfair competition, and related New York State law claims in order to prevent SUW, its officers and Salt from continuing to use the Waterkeeper Marks. By Order, dated May 8, 2015 ("Default Judgment and Order" or "Initial Order") (ECF No. 100), this Court found that Salt had infringed upon Waterkeeper's Marks and enjoined SUW, its officers and Salt from, among other things:

- (a) using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof;

- (b) referring to Jeffrey Salt as the Great Salt Lakekeeper or the Executive Director of the Great Salt Lakekeeper, or any other similar reference; and

- (c) using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including the Marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants thereof, including any email with the suffix "@greatsaltlakekeeper.org".

(Default Order 100 at 10-11.) Salt did not comply with the Default Judgment and Order. He continued to refer to himself to as the Executive Director of the Great Salt Lakekeeper and to use the email domain suffix#@greatsaltlakekeeper.org. (*Id*.)

Plaintiff filed a motion to hold SUW, its officers and Salt in contempt of the Default Judgment and Order. By Order, dated October 2, 2017 ("Contempt Order" or "First Contempt Order") (ECF No. 135), the Court determined by clear and convincing evidence that SUW, its officers and Salt were in contempt and had violated the Initial Order. The Contempt Order directed Salt to:

(a) immediately comply fully with the terms of the [Default Judgment and Order];

(b) provide [Waterkeeper] and the Court with a complete list identifying with specificity all instances in which Mr. Salt has used the Waterkeeper Marks after May 8, 2015, including documents, correspondence, and on the internet, by November 2, 2017;

(c) pay a $500 fine, plus a daily compliance fine of $100 per day for failure to comply with the [Default Judgment and Order] as well as [the Contempt Order]; and

(d) pay a $700 fine for each future violation of the [Default Judgment and Order].

The Contempt Order, however, suspended the fines, conditioned upon Salt's complying with the prior Orders by November 2, 2017. (Contempt Order 9-10).

Plaintiff filed a second motion to hold SUW and Salt in contempt and for sanctions, alleging that SUW, its officers and Salt continued to disobey this Court's prior orders. Following an evidentiary hearing, the Court issued an order, dated April 5, 2019 ("Second Contempt Order") (ECF No. 160), wherein it concluded that Plaintiff established by clear and convincing evidence that SUW, its officers and Salt have continued to violate the Default Judgment Order and the Contempt Order. Plaintiff adduced evidence that despite being served with notice of the Court's prior orders, SUW and Salt continued to violate them by publicly referring to himself as the "Great Salt Lakekeeper" and "Lakekeeper" on Linkedin.com and on Salt's website, greatsaltlakekeeper.org. Evidence was further adduced that Salt testified at a State of Utah legislation committee hearing where he publicly identified himself as "the Director of Great Salt Lakekeeper and Friends of Utah Lake." Subsequent media coverage of the Utah legislation

committee hearing referred to Salt as "Director of the Great Salt Lakekeeper" on the basis of Salt's statements.

Plaintiff further demonstrated that SUW, its officers and Salt failed to provide Waterkeeper or the Court with a list of the instances in which he violated the Default Judgment and Order, as required by the Contempt Order. SUW and Salt also failed to pay fines they were required to pay under the Contempt Order. Salted continued to violate the two prior orders by continuing to use the email address "jeffsalt@greatsaltlakekeeper.org" subsequent to the date of the orders. SUW and Salt continued to violate the prior orders by continuously maintaining the website "greatsaltlakekeeper.org." Significantly, Plaintiff demonstrated that SUW and Salt's continued violation of the prior orders caused and continued to cause Plaintiff harm.

Plaintiff now brings a third motion for contempt seeking the imposition of additional fines and imprisonment of Salt for SUW and its officers continued violations of Plaintiff's trademark and for their continued disregard of this Court's three prior orders, inclusive of two orders wherein Defendant and Salt were deemed in contempt. Plaintiff's counsel avers that SUW and Salt have continued to blatantly violate all three prior orders of this Court in the following respects:

    (a)    SUW and Salt did not file with the Court and provide to Plaintiff a complete list identifying with specificity all instances in which they have used the Waterkeeper Marks after May 8, 2015, including in documents, correspondence and on the internet;

    (b)    SUW and Salt did not pay the fines the Court ordered and did not provide an Affidavit or otherwise allege that he had insufficient funds to pay the fines;

    (c)    SUW and Salt did not respond to the interrogatories and document request which were served upon Salt as an officer of SUW;

    (d)    SUW and Salt failed to provide Plaintiff with a list of his infringements of Waterkeeper's registered trademarks as required by the First Contempt Order;

(e) Salt has continued to refer to himself as the Great Salt Lakekeeper on his website;

(f) As set forth in the Estrin declaration, on the current State of Utah registration for SUW, Salt lists himself as SUW's registered agent and states that SUW is doing business as the "Great Salt Lakekeeper"; and

(g) Salt continues to refer to himself publically as the Great Salt Lakekeeper on his LinkedIn website page.

Plaintiff submits evidence in support of its application.

**RELEVANT LAW**

It is well settled that "courts have inherent power to enforce compliance with their lawful order[sic] through civil contempt." *Armstrong v. Guccione*, 470 F.3d 89, 102 (2d Cir. 2006) (quoting *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966). The purpose of civil contempt is to ensure a party's future compliance with court orders, and to compensate victims of contempt for harms sustained as a result thereof. *See Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995). "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004). It need not be established that the violation was willful. *Id*. at 655 (citing *Donovan v. Sovereign Sec., Ltd*., 726 F.2d 55, 59 (2d Cir. 1984)). All three conditions for contempt of this Court's prior three Orders have been met in this case.

"An order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed' or required." *Natl. Basketball Ass'n v. Design Mgt. Consultants, Inc.*, 289 F. Supp. 2d 373, 377 (S.D.N.Y. 2003). Further, a clear and unambiguous order "leaves 'no uncertainty in the minds of those to whom it is

addressed,' who 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'" *King v. Allied Vision, Ltd.*, 65 F.3d at 1058 (internal citations omitted). The Court's prior orders are clear and unambiguous. They were specific and definite enough to put SUW and Salt on notice that they were prohibited from using Waterkeeper's trademarks.

The law is clear, any sanction imposed on a civil contemnor should be calculated to advance the goals of coercing future compliance with the Court's order, or to compensate the plaintiff, the party harmed, for losses stemming from the contemnor's past noncompliance. *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979); *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 56–57 (2d Cir. 1982). When the purpose of the sanction is coercive, the district court has broad discretion to design a remedy that will bring about compliance. *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d at 57 (internal citations omitted).

While courts must judiciously exercise their authority in imposing the least restrictive and intrusive sanctions so as not to unnecessarily harm a contemnor (*see Spallone v. United States*, 493 U.S. 265, 276 (1990)), a court may nonetheless utilize all sanctions at its disposal which are reasonably likely to coerce the contemnor of not only the need for compliance but to achieve full compliance. *See S.E.C. v. Margolin*, No. 92 Civ. 6307, 1996 WL 447996, at *5 (S.D.N.Y. Aug. 8, 1996). In a civil contempt proceeding such sanctions may include a conditional jail term. *Hutto v. Finney*, 437 U.S. 678, 690–91 (1978) (citing *United States v. United Mine Workers*, 330 U.S. 258, 305 (1947)); *Time Warner Cable of New York City v. U.S. Cable T.V., Inc.*, 920 F.Supp. 321, 328 (E.D.N.Y. 1996).

**ANALYSIS**

In support of its application, Plaintiff submits documentary evidence that demonstrates Salt has registered SUW with the State of Utah Division of Corporations and Commercial Code, as a non-profit corporation. The registration indicates that SUW shall be conducting business as, among other names, "Great Salt Lake Watershed Council," "Great Salt Lakekeeper," and "Great Salt Lake Water Keepers." Additionally, a copy of Salt's "Linkedin" page indicates that he publically represents himself as "Jeff Salt owner, Comics Aeroplane, Great Salt Lakekeeper."

The proffered evidence is sufficient for the Court to conclude by clear and convincing evidence that SUW, its officers and Salt have continued to disobey this Court's prior orders, have failed to purge themself of contempt from this Court's prior orders, and have failed to cease using the Waterkeeper's trademarks. Significantly, Plaintiff has demonstrated that the threat of monetary sanctions, as previously imposed by the Court, has failed to persuade, or more appropriately, coerce SUW, its officers and Salt of its legal obligation to comply with this Court's prior orders (Default Judgment and Order, Contempt Order and Second Contempt Order), to cease further infringing on Plaintiff's trademarks. Accordingly, Plaintiff has demonstrated entitlement to the relief requested.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to hold Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt in contempt and for an order of imprisonment is GRANTED upon a finding by clear and convincing evidence that said entity and individuals have violated this Court's Default Judgment and Order, Contempt Order and Second Contempt Order. Accordingly, it is hereby ORDERED:

That Plaintiff serve a copy of this Opinion and Order, upon Defendant Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt by regular mail and certified mail, and additionally upon Jeffrey Salt by personal service, within thirty (30) days hereof;

That Jeffrey Salt, as an officer and principal of Spirit of Utah Wilderness, Inc. shall surrender to United States Marshal for the Southern District of New York, located at 300 Quarropas Street, White Plains, New York, on March 23, 2020 by 2:00 pm to be incarcerated until such time as they purge themselves of the contempt;

Defendant Spirit of Utah Wilderness, Inc. and Jeffrey Salt may purge themselves of contempt prior to March 23, 2020, provided they demonstrate the following:

1. Defendant Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt make any and all necessary changes to any of its publications, website (including Linkedin page(s)) and corporate filings to ensure they are not infringing on any Waterkeeper Marks (trademarks);

2. Immediately comply fully with the terms of the Default Judgment and Order, dated May 8, 2015;

3. Immediately comply fully with the terms of the Opinion and Order, dated October 2, 2017, which, *inter alia*, requires:

   a. Defendant Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt to provide Plaintiff and the Court with a complete list identifying with specificity all instances in which they have used the Waterkeeper Marks after May 8, 2015 to date, including in documents, correspondence and on the internet;

   b. Defendant Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt pay a $500 fine, plus a daily non-compliance fine of $100 per day for failure to comply with the Default Judgment and Order, dated May 8, 2015. The daily non-compliance fine shall be applied from May 8, 2015 through October 2, 2017; and

   c. Defendant Spirit of Utah Wilderness, Inc., its officers and Jeffrey Salt pay a $700 fine for each violation occurring from October 3, 2017 through December 5, 2019 (the filing of Plaintiff's third Contempt motion).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 168, and to mail a copy of this Order to Defendant(s) at the last know address as listed on the docket.

Dated: January 22, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge