

Jason L. Libou
212 909-9535 DIR TEL
jlibou@wmllp.com

WACHTEL MISSRY
NEW YORK · LOS ANGELES · FLORENCE
WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

January 13, 2021

**Via PACER/ECF**

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

                  **Re:**       **Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc. et al.
Civil Action No.: 10-cv-1136**

Dear Judge Román:

      This law firm represents the plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff"), in the above-captioned suit. We write in response to the January 12, 2021 letter motion from defendant Jeffrey Salt, requesting a further extension of the deadline for him to surrender to the U.S. Marshals Service for his repeated, willful violations of this Court's Orders from January 15, 2021 to March 1, 2021. (ECF Doc. 210). These letter motions have become a monthly ritual as this is now the sixth such application Salt has made. While Plaintiff reluctantly does not oppose the requested six-week extension, it should be the final one, and the Court should not entertain any further extension requests unless Mr. Salt has provided proof that he has cured all of his ongoing violations of Your Honor's prior Orders, including paying the fines and providing the documents, information, and publicly posting the Statement that Your Honor ordered.

      The relevant background and procedural history are set forth in Plaintiff's letter opposition to Salt's previous request to extend the surrender deadline, dated September 24, 2020, a copy of which is annexed hereto as <u>Exhibit A</u>. In short, Salt has continuously violated this Court's initial order, enjoining Salt from using the name "Waterkeeper" and other related marks from the time it was entered, and subsequently violated two contempt orders issued by this Court for Salt's ongoing failure to comply with Your Honor's Orders.

      While Salt claims to have taken down the Great Salt Lakekeeper website and removed references to himself as the Great Salt Lakekeeper on his LinkedIn page, it is undisputed that Salt continues to willfully disobey this Court's Orders by: (a) failing to publicly post the Statement required by the Second Contempt Order; (b) failing to pay the fines ordered by the Court and not providing an affidavit alleging that he has insufficient funds to pay the fines; (c) failing to respond to the interrogatories and document requests, which were served upon him by Plaintiff; and (d) failing to provide Plaintiff with a list of his infringements of Waterkeeper's registered trademarks as required by the First Contempt Order.

The surrender date should not be extended beyond March 1, 2021 unless Salt is in full compliance with all of this Court's Orders. Otherwise, there is no possibility that Salt will comply, and he will continue to openly flout this Court's Orders. Whatever risks are posed by the COVID-19 pandemic are of Salt's own making.

Thank you for the Court's attention to this matter.

Respectfully submitted,

**WACHTEL MISSRY LLP**

*Jason L. Libou*

Jason L. Libou, Esq.

# Exhibit A



**Jason L. Libou**
212 909-9535 DIR TEL
jlibou@wmllp.com

**WACHTEL MISSRY**
NEW YORK · LOS ANGELES · FLORENCE
WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

September 24, 2020

**Via PACER/ECF**

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

Re: **Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc. et al.
Civil Action No.: 10-cv-1136**

Dear Judge Román:

This law firm represents the plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff"), in the above-captioned suit. We write in response to the September 21, 2020 letter motion from defendant Jeffrey Salt requesting a further extension of the deadline for him to surrender to the U.S. Marshals Service for his repeated, willful violations of this Court's Orders from September 29, 2020 to October 30, 2020. (ECF Doc. 198). This is the third such application Salt has made. While Plaintiff reluctantly does not oppose a 1-month extension, it should be the final one and the Court should not entertain any further extension requests unless Mr. Salt has provided proof that he has cured all of his ongoing violations of Your Honor's prior Orders, including paying the fines and providing the documents, information, and publicly posting the Statement that Your Honor ordered.

To briefly summarize the relevant background and procedural history, Salt has violated the Court's initial order (the "Initial Order", *see* ECF Doc. 100), enjoining Salt from using the name "Waterkeeper" and other related marks from the time it was entered. On October 2, 2017, the Court entered a Contempt Order against Salt (the "First Contempt Order", *see* ECF Doc. 135) for his failure to comply with the Initial Order, and then a second Contempt Order (the "Second Contempt Order", *see* ECF Doc. 160), because of his wholesale failure to comply with any of Your Honor's Orders.

The Second Contempt Order put Salt on clear notice that if he failed to fully comply with the Court's prior Orders, he would be imprisoned. Salt continued to brazenly violate Your Honor's Orders and Waterkeeper moved for his imprisonment.

The Court granted Plaintiff's motion for contempt and imprisonment (ECF Doc. 168) and entered the Imprisonment Order (ECF Doc. 171), declaring that Salt has continued to blatantly violate all three of the prior orders of this Court because Salt: (a) did not publicly post the Statement required by the Second Contempt Order (ECF Doc. 160), stating that he is not the Great Salt Lakekeeper, has no right to use any of Plaintiff's trademarks, and has no connection of any kind

092485-001/00252526-2

with Plaintiff or its member organizations; (b) did not pay the fines the Court ordered and did not provide an Affidavit or otherwise allege that he had insufficient funds to pay the fines; (c) did not respond to the interrogatories and document requests, which were served upon him; (d) failed to provide Plaintiff with a list of his infringements of Waterkeeper's registered trademarks as required by the First Contempt Order; (e) has continued to refer to himself as the Great Salt Lakekeeper on his website; (f) continues to identify himself as SUW's registered agent and states that SUW is doing business as the "Great Salt Lakekeeper"; and (g) continues to refer to himself as the Great Salt Lakekeeper on his LinkedIn website page.

The Imprisonment Order originally required Mr. Salt to surrender to the U.S. Marshals Service on March 23, 2020. Salt then made and was granted two extensions of time to surrender. In the Court's July 29, 2020 Order, Your Honor acknowledged Mr. Salt's continuing violations of the Court's prior Orders, but granted Salt's request to extend the surrender date until September 29, 2020 on the condition that Defendant SUW and Salt discontinue infringing on Plaintiff's trademarks and inform the Court of his compliance by August 5, 2020. (ECF Doc. 194).

By letter, dated July 31, 2020, Mr. Salt claims to have taken down the Great Salt Lakekeeper website and removed references to himself as the Great Salt Lakekeeper on his LinkedIn page. (*See* ECF Doc. 195). However, it is undisputed that Mr. Salt continues to willfully disobey this Court's Orders by: (a) failing to publicly post the Statement required by the Second Contempt Order; (b) failing to pay the fines ordered by the Court and not providing an affidavit alleging that he has insufficient funds to pay the fines; (c) failing to respond to the interrogatories and document requests, which were served upon him by Plaintiff; and (d) failing to provide Plaintiff with a list of his infringements of Waterkeeper's registered trademarks as required by the First Contempt Order.

The Court's July 29, 2020 Order put Mr. Salt on notice that the surrender date will not be extended beyond September 29, 2020 unless he is in full compliance with this Court's Orders, and it should not be extended beyond October 30, 2020 unless Mr. Salt has fully complied. Otherwise, there is no possibility that Salt will comply, and he will continue to openly flout this Court's Orders. Whatever risks are posed by the COVID-19 pandemic are of Salt's own making.

Mr. Salt's frivolous, pending appeals have no merit and should not be a factor in the Court's consideration of his extension request. *See* Second Circuit Case Nos. 17-3598, 20-632, and 20-3007. Indeed, Salt's abusive and frivolous appeals provide further reason for his imprisonment, not a get out of jail free card. The "interests of justice" cited by Salt's counsel require that there be no further delays in his imprisonment.

Thank you for the Court's attention to this matter.

Respectfully submitted,

**WACHTEL MISSRY LLP**

*Jason L. Libou*

Jason L. Libou, Esq.