**MEMORANDUM ENDORSEMENT**

Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc

7:10-cv-01136

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2021
```

MEMO ENDORSED

The Court has reviewed counsel for Defendant's letter dated October 8, 2021 requesting new CJA counsel be assigned to Mr. Salt, and an extension to the surrender date set for October 12, 2021. (ECF No. 236.) The Court has also reviewed Plaintiff's letter dated October 11, 2021, requesting the Court deny Defendant's requests. (ECF No. 237.)

Counsel for Defendant's request to withdraw as CJA counsel is DENIED without prejudice to renew. Defendant's request for an extension is GRANTED on the condition that Defendant comply with the following outstanding items from the Court's October 2, 2017 and April 5, 2019 Orders by **October 15, 2021**:

- Provide Waterkeeper and the Court with a complete list identifying with specificity all instances in which Mr. Salt has used the Waterkeeper Marks after May 8, 2015, including in documents, correspondence, and on the internet.

- To the extent that Defendant is alleging he has insufficient funds to pay all of the fines, file with the Court and serve on Plaintiff's counsel an affidavit (the "Affidavit") detailing his personal finances in every material respect. The Affidavit shall include, but not be limited to, any and all of Defendant's sources of income from January 2016 through the date of the Affidavit, the amount of such income, any assets in which Defendant has a direct or indirect interest, any inheritance that Defendant has received, and any expenses and liabilities that Defendant has. The Affidavit shall also identify where Defendant has worked since January 2016, full or part time, any and all of Defendant's residences and places of business and, with respect to his residences, who owns the residences and the amount, if any, of the rent Defendant pays. Defendant shall attach to the Affidavit as exhibits, his federal income tax returns for the years 2016 through 2018, any W-2's, K-1's and 1099's he has received from January 1, 2016 to date, and any bank account and brokerage statements for any bank or brokerage accounts he has an interest in for the period January 1, 2016 to date.

- Provide answers to any written interrogatories and document requests filed by Waterkeeper with respect to the Affidavit, Defendant's personal finances, and Defendant's compliance with the Orders.

- Provide medical documentation from a doctor detailing Defendant's inability to travel.

If Defendant fails to comply with the Court's Orders, he must surrender by **October 18, 2021**. The Clerk of Court is kindly directed to terminate the motion at ECF No. 236.

Dated  October 12, 2021
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**JOSEPH A. VITA**
**ATTORNEY AT LAW**
52 Irenhyl Avenue
Port Chester, New York 10573
Telephone 914-939-5401
Joev63542@aol.com

VIA ECF

October 8, 2021

Hon. Nelson S. Roman
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc., 10 CV 1136 (NSR-LMS)

Dear Judge Roman:

In your prior order dated 9/08/2021 (doc. 234), the Court granted an extension in the surrender/purge date to October 12, 2021 at 12PM on conditions. In this order the Court also denied without prejudice my request to be relieved and replaced as CJA counsel for Mr. Salt's contempt and confinement proceedings. I am now renewing my request that the Court relieve me as CJA assigned counsel for Jeffrey Salt in the above matter, and that the Court appoint new CJA counsel to represent him during his contempt and civil confinement proceedings. I am further requesting that the Court extend the surrender/purge date as well as extend the time for Mr. Salt to provide the medical documentation called for in the Court's prior order.

<u>Application to be relieved</u>

The reason for this request is that counsel and Mr. Salt still have irreconcilable differences about how the ongoing contempt matter should be handled going forward. Since the Court's prior September 8, 2021 order, Mr. Salt has made it abundantly clear to me in his written communications that he still has no confidence in my representation of him and desires new counsel. Communications between us remains wholly fractured. He states I am not competent to handle this case and is expressly seeking counsel experienced in civil procedure and intellectual property law to assist him in his ongoing challenges to the Court's rulings including the contempt order, notwithstanding the fact that the contempt order was affirmed in the 2d Circuit.

<u>Extension in the surrender/purge date</u>

I am requesting that the Court extend the surrender/purge date currently scheduled for October 12, 2021 to a date after November 28, 2021. The request is predicated both upon Mr. Salt's desire for new counsel, and concerns regarding his medical situation and the current COVID -19 delta variant surge.

I previously submitted documentation confirming Mr. Salt's medical ailments in connection with a prior application to extend the stay (5-29-21; doc. 227). The Court in its prior order (doc 234) required additional medical documentation to be provided by October 4, 2021. Mr. Salt has advised me that he remains seriously ill to such extent that he cannot engage in routine housekeeping tasks and has a host of medical appointment and tests now extending into November. However, Mr. Salt has indicated to me that because his primary care provider has been unavailable for the past month and is next scheduled to see him on October 15 and because his doctor will need to review other test results and other medical provider's records to prepare a report for the Court, he needs more time to gather medical records and a doctor's letter. I am requesting on Mr. Salt's behalf, an extension until October 30 for an additional medical submission.

I was hopeful that at this point I would be able to make an application on Mr. Salt's behalf to purge the contempt order based upon full compliance with the Court's previous orders, but I am not able to do so. Mr. Salt has not taken all steps to purge himself of the contemptuous conduct by October 4, 2021 as required in the previous order. Specifically, he has not provided a list of infringements or responded to interrogatories and document requests. However, while he has not filed the detailed financial affidavit and exhibits called for in document ECF 160, page 10; Mr. Salt did file a financial affidavit in connection with his request for the appointment of CJA counsel. (attached exhibit). Mr. Salt's financial circumstances as documented in the CJA 23, would support an application for relief from the financial penalties imposed by the Court.

Most significantly, as of today's date Mr. Salt has complied with the primary requirements of the judgment (ECF 100, 160) insofar as he has submitted proof through counsel that he ceased infringing on Plaintiff's trademarks (ECF 195) and publicly posted the Statement required by the 2d contempt order (ECF 160, 225). The primary open issue involves financial penalties and whether relief is appropriate. Also, whether incarceration makes any sense in view of the fact that Mr. Salt has complied substantially with the primary requirements of the judgment.

I also note that it appears from a review of the docket that Mr. Salt filed a Rule 59(e) motion (ECF 176) which is still outstanding. If the Court grants the motion, the prior default and contempt orders will necessarily be vacated as to Mr. Salt. Further, prior counsel's letter motion (doc 198) contained a Rule 60 application requesting a stay in enforcement of the contempt orders pending a ruling on the Ruel 59(e) motion.

In summary, I am requesting that the Court grant the applications contained in this letter together with such other and further relief as the Court deems appropriate in the interest of justice.

Thank you for considering this request.

Respectfully submitted,

/S/ Joseph A. Vita

Joseph A. Vita

Cc: 	Jeffrey Salt via EMAIL

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

| IN THE UNITED STATES | ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)* | LOCATION NUMBER |
|---|---|---|
| IN THE CASE OF Waterkeeper Allianc v. Spirit of Utah Wilderne | FOR Attorney Services Without Payment Of Fee<br>AT Southern District of New York, White Plains | |

| PERSON REPRESENTED *(Show your full name)* Jeffrey Salt | 1 ☐ Defendant - Adult<br>2 ☐ Defendant - Juvenile<br>3 ☐ Appellant<br>4 ☐ Probation Violator<br>5 ☐ Supervised Release Violator<br>5 ☐ Habeas Petitioner<br>7 ☐ 2255 Petitioner<br>8 ☐ Material Witness<br>9 ☑ Other *(Specify)* Non-party, subject of contempt order | DOCKET NUMBERS<br>Magistrate Judge<br><br>District Court<br>10-cv-1136-NSR<br>Court of Appeals |
|---|---|---|
| CHARGE/OFFENSE *(describe if applicable & check box →)* Civil Contempt | ☐ Felony<br>☐ Misdemeanor | |

### ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Are you now employed? ☐ Yes ☐ No ☑ Self-Employed
Name and address of employer: 723 E. Lisonbee Ave., Salt Lake City, UT 84106
IF YES, how much do you earn per month? $ 1,000.00
IF NO, give month and year of last employment? _____
How much did you earn per month? $ _____
If married, is your spouse employed? ☐ Yes ☐ No
IF YES, how much does your spouse earn per month? $ _____
If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☑ Yes ☐ No
IF YES, give the amount received and identify the sources
RECEIVED $ 1,000.00
SOURCES: self employment, varies month to month, average $1000/mo.

**CASH**
Do you have any cash on hand or money in savings or checking accounts? ☑ Yes ☐ No IF YES, total amount? $ 100.00

**PROPERTY** (see addendum)
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑ Yes ☐ No

| VALUE | DESCRIPTION |
|---|---|
| $ 1,000.00 | 2001 GMC Truck, used for work |
| $ 1,000.00 | 1996, GMC Truck, used for work |
| $ 6,500.00 | 2001 Ford 350 Box Truck, for work, loan, bank lien holder |
| $ 2,000.00 | 2000 Subaru, personal use, private loan lien holder |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
MARITAL STATUS: ✓ Single / Married / Widowed / Separated or Divorced
Total No. of Dependents: 1
List persons you actually support and your relationship to them: _____

**DEBTS & MONTHLY BILLS** (see addendum)
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Auto Loan, Ford Box Truck | $ 5,850.00 | $ 197.00 |
| Credit cards | $ 6,300.00 | $ 200.00 |
| Insurance, personal, commercial | $ | $ 270.00 |
| All other bills, utilities | $ | $ 200.00 |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT *(OR PERSON REPRESENTED)* /s/ Jeffrey Salt

Date: 03/18/2020

Addendum

Financial Affidavit In Support Of Request For Attorney Services Without Payment Of Fees

Income And Assets:
- 2000 Chevy S-10 Blazer, Value $200.00, Amount Owed $1,750.00
  (Vehicle has blown engine, value is scrap value)
- 1990 Chevy S-10 Blazer, Value $100.00, Amount Owed $0.00
  (Vehicle was totaled, owner retained after litigation, value is scrap value, salvage title)

Obligations And Debts
- 2000 Subaru, Value $200.00, Amount Owed $2,500.00, Private loan and lien holder, no monthly payments at this time.
- Medical bills, $1,200.00. Unable to make monthly payments at this time.
- Student loans, State of Utah, $72,000.00. Unable to make payments at this time.
- Student loans, federal, $28,300.00. Unable to make monthly payments at this time.
- Rent, live in home owned by family members, do not pay rent.



Jason L. Libou
212 909-9535 DIR TEL
jlibou@wmllp.com

**WACHTEL MISSRY**
NEW YORK · LOS ANGELES · FLORENCE
WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

October 11, 2021

<u>Via PACER/ECF</u>

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

      Re:  <u>Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc. et al.
          Civil Action No.: 10-cv-1136</u>

Dear Judge Román:

  This law firm represents the plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff"), in the above-captioned suit.

  On September 8, 2021, the Court granted the <u>thirteenth</u> request filed by defendant Jeffrey Salt ("Salt") to extend the deadline for him to surrender to the U.S. Marshals Service due his repeated, willful violations of this Court's Orders from September 10, 2021 to October 12, 2021 <u>on the express conditions that Salt provide medical documentation to support his assertion that he is unable to travel due to his alleged health conditions, and submit proof that he has taken all steps to purge himself of the contemptuous conduct, including providing the financial affidavit and responses to Plaintiff's interrogatories and document requests as required by this Court's prior orders, on or before October 4, 2021</u>. (ECF Doc. 234, emphasis supplied).

  Once again, Salt has <u>not</u> complied with <u>any</u> of the requirements imposed by the Court as a condition of the surrender date extension and failed to timely provide the financial affidavit, list of infringements, and responses to Plaintiff's discovery requests. On October 8, 2021, Salt's counsel filed yet another letter motion seeking to extend the surrender date until November 28, 2021 based on Salt's claimed inability to contact his primary care provider to obtain additional medical documentation for the past month. (ECF Doc. 236). But Salt's alleged medical conditions are not news to the Court. He has already been granted several adjournments and extensions of the surrender date to obtain information and accommodate his purported heath condition.

  Significantly, Salt makes no effort to explain his failure to provide the required discovery responses or list of infringements and submits a barebones, outdated financial affidavit from March 2020 that was previously submitted in support of his request for the assistance of CJA counsel. (ECF Doc. 236-1). This does even come close to satisfying the detailed financial affidavit and exhibits required by this Court's prior order. (ECF Doc. 160; page 10). Nor can it be considered "substantial compliance" and the October 12, 2021 surrender date should not be further extended.

092485-001/00304333-1

In the October 8, 2021 letter, Salt's current counsel, Joseph A. Vita, renewed his previous request to be relieved as CJA counsel (ECF Doc. 232) on the same grounds, which the Court previously denied in its September 8, 2021 Order (ECF Doc. 234). Mr. Vita stated that Salt has "no confidence" in his representation and that he and Salt "still have irreconcilable differences about how the ongoing contempt matter should be handled going forward." Mr. Vita's statements make it clear that despite his hope (and presumably advice) that Mr. Salt purge his contempt, Salt persists in his refusal to do so and there is no reason to suspect that the appointment of different counsel could change this foregone conclusion.

Andrew Jackson once said that: "Any man worth his *salt* will stick up for what he believes right, but it takes a slightly better man to acknowledge instantly and without reservation that he is in error." Salt has acted far worse in not only refusing to acknowledge his infringements, but also continuing to flagrantly disregard this Court's prior orders; he needs to be taught that his compliance is not optional. Nothing short of imprisonment will force Salt to purge his contempt.

Accordingly, Plaintiff respectfully requests that the Court deny Salt's request for yet another extension of the previously imposed October 12, 2021 deadline for Salt to surrender to the U.S. Marshal.

Thank you for the Court's attention to this matter.

Respectfully submitted,

**WACHTEL MISSRY LLP**

*Jason L. Libou*

Jason L. Libou, Esq.