**JOSEPH A. VITA**
**ATTORNEY AT LAW**
52 Irenhyl Avenue
Port Chester, New York 10573
Telephone 914-939-5401
Joev63542@aol.com

VIA ECF

October 15, 2021

Hon. Nelson S. Roman
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc., 10 CV 1136 (NSR-LMS)

Dear Judge Roman:

    In your prior order dated 10/12/2021 (doc. 239), the Court denied without prejudice my application to withdraw as CJA counsel. Further, the Court granted an extension in the surrender date on condition that Mr. Salt (described as defendant), comply with specified outstanding items from previous court orders by October 15, 2021.  The order further provided that Mr. Salt would be required to surrender to the United States Marshal by October 18, 2021 if he failed to comply with the Court orders. I have provided Mr. Salt a copy of this Court's order.

    I received from Mr. Salt the attached medical documentation (ER records showing 10-14-21 admission and treatment as well as prior ER admission on 9-9-21).  He indicated that he requested a more comprehensive report from his treating physician which he has not yet received. I will forward this to the Court as soon as I receive it.  Mr. Salt has not sent me any further documents as required in the Court's order, indicating via email that he tried to gather bank records but suffered a faint and falling incident which led to his hospital ER admission and could not comply by 10-15-21.

    For the reasons set forth below, I am requesting that the Court further extend the surrender/purge date at least until such time that the court renders a ruling on Mr. Salt's pending Rule 59(e) motion (doc. 176).

    <u>Rule 59(e) Motion.</u>

    <u>Procedural Background</u>

    On January 22, 2020, the Court issued a contempt order (ECF 171), which, among other things, directed the incarceration of Mr. Salt with a March 23, 2020 surrender date.

    On February 20, 2020 Mr. Salt filed a pro se motion under Rule 59(e) (ECF 171) as well

as a Notice of Appeal of the 171 order.

On March 13, 2020 Plaintiff Waterkeeper Alliance, Inc. filed papers in opposition to the Rule 59(e) motion (ECF 180).

Because Mr. Salt was at risk of incarceration and financially unable to afford to retain counsel the Court on March 24, 2020 appointed the Federal Defender to represent him during his contempt and civil confinement proceedings.

On April 10, 2020, the Court of Appeals stayed the appeal pending the District Court's resolution of the Rule 59(e) motion. It appears from the docket that this stay remains in effect as the Rule 59(e) motion has not yet been decided.

 On June 2, 2020 Daniel Hochheiser was appointed as CJA counsel to replace the Federal Defender and on March 9, 2021, I was appointed in place of attorney Hochheiser.

I have reviewed the case docket including the open Rule 59 (e) motion and filed exhibits as well as the papers in opposition.  Mr. Salt argues a number of issues in his motion including challenging the Court's jurisdiction, asserting that plaintiff has committed fraud, and arguing that the Court erred in applying the law. The Plaintiff in their memorandum in opposition have raised technical procedural objections to Salt's motion but have not addressed or refuted most of his factual allegations. Assuming the Court were to rule in Mr. Salt's favor on the motion, the prior default and contempt orders as to Mr. Salt would be vacated.  In reviewing Mr. Salt's open Rule 59(e) motion, I note the following factors which may be relevant to the contempt issue:

1. The default judgment and order (ECF 100) restrains and enjoins Defendant Spirit of Utah Wilderness Utah, Inc.  … and its officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with it, including but not limited to Jeffrey Salt from using the "Waterkeeper Marks" and other listed activities.

2. Jeffrey Salt individually was never a party to the pending litigation.  The defendant is a corporation, Spirit of Utah Wilderness, Inc., and Mr. Salt's connection with the litigation, would be as an officer, agent and/or principal of a corporate entity.

3. Mr. Salt is claiming that he has the right to use the name Lakekeeper as an individual and this right predated any claim by plaintiff Waterkeeper Alliance, Inc.  Further, this claim of individual right, was separate and apart from any claim asserted by the corporate defendant, Spirit of Utah Wilderness, Inc.  Specifically Salt asserts that in or about April 2001 he was the first person or entity in the United States to reduce the name Lakekeeper to commercial use in the form of Great Salt Lakekeeper.

4. Mr. Salt is claiming that, as an individual, he never was given the opportunity to pursue and assert this individual claim in the litigation, as he was not a party to the litigation, the Court denied the application of plaintiff to add Mr. Salt as a party defendant and the Court denied Mr. Salt's application to intervene individually.

5. Further Mr. Salt is claiming that it would be a manifest injustice and denial of due process to impose draconian penalties including incarceration since he has been denied the opportunity to pursue and establish the merits of his individual claim. In his view he is being deprived of a valuable asset; intellectual property, without being accorded an opportunity to be heard.

One issue that is not addressed in Mr. Salt's pro se papers is the authority of and circumstances under which the Court may hold a nonparty in criminal contempt. I would ask the Court to consider the following authorities and argument in adjudicating the pending Rule 59(e) motion.

The seminal and often cited case on this issue is Alemite Mfg. Corposition v. Staff, 42 F.2d 832 (1930). This was a patent infringement case. The principal holding of Judge Hand was that "… no court can make a decree which will bind any one but a party… it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." Further "It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who, therefore can have their day in court." (Alemite, 832-833). The Court in Alemite notes that a person who knowingly assists a defendant in violating an injunction is subject to contempt. "Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant or must be legally identified with him." (Alemite, 833).

See also, G&C Merriam Co. v. Webster Dictionary Co. Inc. 639 F.2d 29,35 (1st Cir. 1980); ('To hold a nonparty bound by an injunction it is essential to prove either that the nonparty participated in the contumacious act of a party or that the nonparty was subject to the injunction because legally identified with a party.")

There is caselaw and statutory law which recognizes the authority of the Court to hold a non-party in contempt in limited circumstances.

Federal Rule of Civil Procedure 65(d)(2), with respect to injunctions, provides:

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:
   (A) the parties.
   (B) the parties' officers, agents, servants, employees, and attorneys.
   (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

In National Labor Relations Board v. Hopwood Retinning Co. 104 F.2d 302, 305 (2d Cir. 1939) the Court held "It is well settled that [a] command to a corporation is in effect a command to those who are officially responsible for the conduct of it's affairs. If they, apprised of the writ directed to the corporation, prevent compliance, or fail to take appropriate action within their

3

power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt." The non-parties in this case were the corporate officers and the orders they were defying were clearly corporate mandated unfair labor actions that could only be conducted by a corporation through its agents; failure to pay wages, reinstate employees locked out and engage in collective bargaining. See also, CBS Broadcasting Inc. v. Filmon.Com, Inc. 814 F.3d 91 (2d Cir. 2016).

      Salt's case is distinguishable from these cases and their progeny. He is not trying to prevent compliance by Spirit of Utah Wilderness, Inc. with the terms of the injunction.  He is not acting in the capacity of a corporate agent or officer to prevent compliance by a corporate party with a court mandate as occurred in the NLRB and CBS cases. His actions are individual and not those of, or on behalf, or in privity with a corporate defendant. As he sets forth in great detail in the pending Rule 59(e) motion, he only wishes to be accorded the opportunity to establish in Court as a party in a civil proceeding his individual right to disputed intellectual property; a right he asserts predated any claim by plaintiff.

      In summary, I am requesting that the Court grant the applications contained in this letter together with such other and further relief as the Court deems appropriate in the interest of justice.

      I will forward to the Court medical records and other materials responsive to the Court's prior order as soon as I receive the documents from Mr. Salt.

      Thank you for considering this request.

Respectfully submitted,

/S/ Joseph A. Vita

Joseph A. Vita

Cc:    Jeffrey Salt via EMAIL