UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
                                                              :
WATERKEEPER ALLIANCE INC.,                                    :
                                                              :
                                Plaintiff,                    :
            -against-                                         :
                                                              :
SPIRIT OF UTAH WILDERNESS, INC.,                              :
d/b/a GREAT SALT LAKEKEEPER, or                               :
GREAT SALT LAKE WATER KEEPERS,                                :
                                Defendant.                    :
--------------------------------------------------------------X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED:  __10/21/2021__ | |

10-cv-1136 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Before the Court is a motion by non-party Jeffrey Salt ("Salt") seeking to amend or alter

the Court's Order entered January 22, 2020 holding Defendant Spirit of Utah Wilderness, Inc.

("SUW"), its officers, and Salt in civil contempt. (ECF No. 176.)  Plaintiff, Waterkeeper Alliance,

Inc. ("Plaintiff" or "Waterkeeper") opposes the motion on the basis that Salt has failed to

demonstrate entitlement to the relief requested.  For the following reasons, Salt's motion is

DENIED.

## BACKGROUND

The Court assumes familiarity with the long procedural history of this action.  In February

of 2010, Plaintiff commenced this action against Defendant SUW alleging trademark

infringement, unfair competition, and related New York State law claims.  (Complaint ("Compl.")

ECF No. 1.)  Plaintiff is an environmental organization which has used the name "Waterkeeper"

and other related marks containing the term "keeper" since 1999.  (*Id*.)  Plaintiff purportedly has

member organizations who obtain a license from Plaintiff to use the Waterkeeper marks.  (*Id*.)

Defendant SUW was formerly a member organization of Plaintiff whose license was revoked. (*Id*.)

On December 4, 2014, Plaintiff moved by Order to Show Cause for a default judgment against all named Defendants.  (ECF Nos. 83 & 84.)  By Default Judgment dated May 8, 2015, this Court enjoined SUW and its officers, agents, directors and employees, including Salt, from using the "Waterkeeper Marks" as defined in paragraph 19 of the Complaint, including the marks and terms Lakekeeper, Waterkeeper, Great Salt Lakekeeper, Great Salt Lake Water Keepers, and/or variants of the aforementioned terms.  (ECF No. 100.)  Salt and SUW were specifically enjoined from deploying those marks in conjunction with any email address, email list, electronic bulletin board, list-serve, website, etc. (*Id*. at 10.)  Salt was also enjoined from referring to himself as the "Executive Director of the Great Salt Lakekeeper" or as the "Great Salt Lakekeeper. (*Id*.)

On July 27, 2016, Plaintiff filed a motion to hold Salt in contempt for violating the Default Judgment after Plaintiff discovered that Salt continued to refer to himself as the Executive Director of the Great Salt Lakekeeper and continued to use the email @greatsaltlakekeeper.org.  (ECF Nos. 120 & 122.)  In response, Salt filed two declarations on behalf of himself and Defendant.  (ECF Nos. 125 & 126.)  On October 2, 2017, this Court granted Plaintiff's motion and held Salt in contempt ("Contempt Order").  (ECF No. 135).  The Contempt Order commanded Salt to (1) immediately comply with the terms of the Default Judgement; (2) provide Waterkeeper and the Court with a complete list identifying with specificity all instances in which Salt had used the Waterkeeper marks; (3) pay a $500 fine, plus a daily compliance fine of $100 per day for failure to comply with the Default Judgment Order and the Contempt Order; and (4) pay a $700 fine for each future violation of the Default Judgment order.  (*Id*.)  The Contempt Order, however, upon

the condition of Salt's compliance with the Default Judgment and Contempt Order, suspended the fines.  (*Id*.)

On February 8, 2018, Waterkeeper filed a motion for sanctions and to hold SUW and Salt in further contempt, alleging that Salt continued to disobey the Court's prior orders.  (ECF No. 147.)   The Court held an evidentiary hearing regarding Waterkeeper's motion wherein Waterkeeper's General Counsel testified.  (ECF No. 160.)  Based upon credible testimony and the exhibits proffered, this Court issued an order ("Second Contempt Order") holding that Salt continued to violate the Default Judgment and failed to comply with the Contempt Order by (1) publicly referring to himself as the "Great Salt Lakekeeper" and "Lakekeeper" on Linkedin.com and on his website, greatsaltlakekeeper.org; (2) failing to provide Waterkeeper or the Court with a list of the instances in which he violated the Default Judgment; (3) failing to pay the fines as required under the Contempt Order; (4) continuing to use the email address jeffsalt@greatsaltlakekeeper.org subsequent to the date of the orders; and (5) continuously maintaining the website "greatsaltlakekeeper.org."  (*Id*.)  Based on the Court's findings, Salt was directed to (1) post a statement on his website, related LinkedIn accounts, and any other places that describe his work or employment history that states he has no right to use the trademarks of the Waterkeeper Alliance; (2) pay the fines set forth in the Contempt Order within 45 days, or serve a detailed affidavit detailing his personal finances; and (3) answer any interrogatories or document requests issued by Waterkeeper.  (*Id*.)

On December 5, 2019, Waterkeeper filed a motion seeking to hold SUW, its officers, and Salt in further contempt and for an order of imprisonment.  (ECF No. 168.)  Waterkeeper submitted with its motion documentary evidence that demonstrates Salt registered SUW with the State of Utah Division of Corporations and Commercial Code as a non-profit corporation.  (ECF No. 171.)

The registration indicated that SUW would be conducting business as, among other names, "Great Salt Lake Watershed Council," "Great Salt Lakekeeper," and "Great Salt Lake Water Keepers." (*Id*.)  Additionally, a copy of Salt's LinkedIn page indicated that he publicly represented himself as "Jeff Salt owner, Comics Aeroplane, Great Salt Lakekeeper."  (*Id*.)  On January 22, 2020, the Court issued an order finding this evidence sufficient to conclude that SUW, its officers, and Salt were continuing to disobey its prior orders ("Imprisonment Order").  (*Id*.)  The Court ordered Salt to surrender to the United States Marshal on March 23, 2020 to be incarcerated until he purged himself of the contempt.  (*Id*.)  On February 20, 2020, Salt filed the instant motion to amend or alter the Court's Imprisonment Order.  (ECF No. 176.)[1]  Plaintiff filed an opposition on March 13, 2020.  (ECF No. 180.)

Since this motion has been filed, the Court has granted Salt fourteen extensions to the deadline for his surrender.  (ECF Nos. 183, 187, 189, 194, 201, 205, 209, 213, 218, 225, 227, 231, 234, & 239.)  The extensions were due to the COVID-19 pandemic, as well as Salt's inability to travel due to purported medical issues.  As of the date of this Order, Salt has failed to comply with the Court's Contempt Order and Second Contempt Order by failing to (1) provide Waterkeeper and the Court with a complete list of all instances in which Salt used the Waterkeeper Marks; (2) serve on Plaintiff's counsel a detailed affidavit describing his personal finances; and (3) provide answers to interrogatories and document requests.  Salt has also failed to provide medical documentation detailing his inability to travel.  The Court's last endorsement directed Salt to

---

[1] On October 15, 2021, counsel for Salt filed a letter bringing the present motion to the Court's attention and attempting to supplement it with additional arguments and case law.  (ECF No. 240.)  As this letter was filed more than a year after the Court's January 22, 2020 contempt order, it is untimely and will not be considered.  *See* Fed. R. Civ. P. 60(c)(1).  *See Reese v. McGraw-Hill Cos*., 293 F.R.D. 617, 625 (S.D.N.Y. 2013) ("Plaintiffs' motion to file a supplemental memorandum in support of its Rule 60(b)(2) motion is essentially a second motion pursuant to Rule 60(b)(2).  It was submitted well over a year after the issuance of this Court's Order dismissing the case and is dismissed as untimely.").

comply with its Orders by October 15, 2021 or surrender to the United States Marshal by October 18, 2021.  (ECF No. 239.)  Salt did not comply or surrender.

## **LEGAL STANDARD**

District Courts may employ Rule 59(e) when they need to "correct a clear error of law or prevent manifest injustice."  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (citing *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).  A Rule 59(e) motion should not be used to "advance 'new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court.'"  *American ORT, Inc. v. ORT Israel*, No. 07 Civ. 2332(RJS), 2009 WL 233950 at *3 (S.D.N.Y. Jan. 22, 2009) (citing *Grand Crossing L.P. v. U.S. Underwriters Ins. Co*., No. 03 Civ. 5429(RJS), 2008 WL 4525400, at *1 (S.D.N.Y. Oct. 6, 2008)).

Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. R. 59(e).  The clock for a Rule 59(e) motion begins once the Court's order has been issued.  *See In re Bear Stearns Cos., Inc. Sec. Derivative, and ERISA Litig.*, 08 MDL No. 1963, 2011 WL 321142, at *6 (S.D.N.Y. Feb. 1, 2011) (measuring the timeliness of a Rule 59(e) motion beginning with the date the orders at issue were made); *Wiesner v. 321 West 16th St. Assocs*., 2000 WL 1585680, at *2 (S.D.N.Y. Oct. 25, 2000) ("In this case, the time period began running as of [the] date of the entry of the order denying the preliminary injunction.").  Further, Federal Rule of Civil Procedure 6(b)(2) expressly prohibits time extensions to file a motion under Rule 59(e), even when a litigant is *pro se*.  *See Corines v. Am. Physicians Ins. Trust*, 615 F. App'x 708, 708 (2d Cir. 2015) ("A district court is not empowered to extend the time to file a Rule 59(e) motion."); *see also Hill v. Napoli*, No. 6:09-CV-6546-MAT, 2014 WL 6750515, at *1 (W.D.N.Y. Dec. 1, 2014) (refusing to expand Rule 59(e)

time period for a *pro se* plaintiff as his status "does not exempt him from compliance with relevant rules of procedural and substantive law.") (internal citations and quotation marks omitted).

However, "[a]n untimely motion for reconsideration is treated as a Rule 60(b) motion." *Lora v. O'Heaney,* 602 F.3d 106, 111 (2d Cir. 2010); *see also Sigmen v. Colvin,* No. 13-0268, 2015 WL 5944254, *3 (E.D.N.Y. Oct. 13, 2015) (considering an untimely motion for reconsideration pursuant to Rule 59(e) as a Rule 60(b) motion)[2]. Rule 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). This rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted).

The Second Circuit has instructed that "Rule 60(b) provides 'extraordinary judicial relief' that may be granted 'only upon a showing of exceptional circumstances.'" *Harrison v. N.Y.C. Admin. For Children's Servs*., No. 02 Civ.947 RCC RLE, 2005 WL 2033378, at *1 (S.D.N.Y. Aug. 23, 2005) (quoting *Nemaizer*, 793 F.2d at 61). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir.

---

[2] This is also true for Local Rule 6.3 motions for reconsideration. *Miller v. Norton*, No. 04-CV-3223 (CBA), 2008 WL 1902233, at *1 (E.D.N.Y. Apr. 28, 2008) ("[A] motion pursuant to Federal Rule of Civil Procedure 59(e) and/or Local Rule 6.3 . . . would be untimely. Therefore, his motion will be treated as one made pursuant to Federal Rule of Civil Procedure 60(b).").

2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).  A Rule 60(b)

motion may not be used "to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T.

Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013).

## DISCUSSION

### I.      Salt's Rule 59(e) Motion is Untimely

Here, the Imprisonment Order was issued on January 22, 2020.  (ECF No. 171.)  Under

Rule 59(e), Salt was required to file his motion on or before February 19, 2020.  Salt did not file

his motion until February 20, 2020.  (ECF No. 176.)  Therefore, Salt's motion is untimely.

### II.     Salt Has Not Shown Exceptional Circumstances

The Court has considered Salt's motion under Rule 60(b).  Salt has not advanced any

meaningful basis to grant his motion to amend the Court's Imprisonment Order.  Salt makes three

arguments: (1) the Court lacked personal jurisdiction over Salt; (2) Plaintiff filed false and

fraudulent claims; and (3) the Court erred in applying the law when it held Salt in civil contempt.

However, Salt has raised these alleged facts and arguments in his previous Rule 59(e) motion dated

October 30, 2017, (ECF Nos. 137 & 138), which the Court denied (ECF No. 151).

For his second argument, Salt alleges Plaintiff committed fraud by (1) misrepresenting the

facts by claiming SUW continues to use the names Great Salt Lake Water Keepers and Great Salt

Lakekeeper when it cancelled the registration years ago, and (2) misrepresenting the existence of

a license agreement with SUW for the use of the name Great Salt Lakekeeper.  (ECF No. 176 at

14-15.)  While fraud is actionable under Rule 60(b), Plaintiff's allegations have already been

considered and ruled on by this Court.  Salt admits in his motion that "the Court [was] already

aware of these actions taken by [SUW] because Mr. Salt provided the Court with this information

as part of his motion to intervene in this case."  (*Id.*)  Additionally, as discussed above, this

information was also included in his previous Rule 59(e) motion, (ECF No. 138 at 5-6), which the

Court dismissed (ECF No. 151.)  As Rule 60(b) motions cannot be used to relitigate issues already

decided, Salt's motion must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Salt's motion to alter or amend the judgement is DENIED.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 240.


Dated:  October 21, 2021
       White Plains, New York

                               SO ORDERED:

                             NELSON S. ROMÁN
                         United States District Judge