**JOSEPH A. VITA**
**ATTORNEY AT LAW**
52 Irenhyl Avenue
Port Chester, New York 10573
Telephone 914-939-5401
Joev63542@aol.com

VIA ECF

April 6, 2022

Hon. Nelson S. Roman
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc., 10 CV 1136 (NSR-LMS)

Dear Judge, Roman:

    I am writing as counsel for Jeffrey Salt with respect to the Court's order (Doc 258) dated 3/22/22. In this order the Court granted Mr. Salt's letter motion for an extension in the stay of the arrest warrant to allow Mr. Salt time to complete compliance with the Court's previous orders with respect to document production and interrogatory response, but only until April 7, 2022. Further, the Court marked this order as a **final** extension. I am requesting that the Court reconsider this application. I received an email yesterday from Mr. Salt indicating he was hospitalized. Because of Mr. Salt's continuing medical problems and worsening health conditions as described in detail and documented in the exhibits attached to the prior letter motions (Doc. 254 & 256), including a positive COVID-19 test on March 17, 2022, I am requesting on Mr. Salt's behalf a further extension in the stay. Mr. Salt's chronic medical problems have made it impossible for him to timely comply with all the order requirements regarding document production and interrogatory response.

    <u>LEGAL AUTHORITIES</u>

    A civil contempt order is designed to be coercive rather than punitive (See, Shillitani v. United States, 384 U.S. 364, 368). A party's inability to comply with an order is a defense to a charge of civil contempt. Hicks v. Feiock, 485 U.S. 624, 638 n. 9 1988). As noted in Maggio v. Zeitz, 333 U.S. 56, 73 (1948) if an individual subject to a contempt order lacks the ability to purge his contempt, incarceration becomes punitive rather than coercive. A contemptor can secure his freedom, without complying, if he demonstrates that there is "no willful disobedience but only an incapacity to comply. The alleged contemptor bears the burden of establishing his inability to comply.

    As of today's date, Mr. Salt has complied with the primary requirements of the judgment and contempt orders (ECF 100, 160) insofar as he has submitted proof through counsel that he ceased infringing on Plaintiff's trademarks (ECF 195) and publicly posted the Statement required

by the 2d contempt order (ECF 160, 225).

      Although Mr. Salt has not paid any of the fines imposed, he did submit proof of his financial inability by affidavit with copies of bank statements and tax returns (ECF 248). The Court in a prior order recognized Mr. Salt's inability to pay the financial penalties imposed. (ECF 250). See Huber v. Marine Midland Bank, 51 F.3d 5 (2nd Cir. 1995).

      Mr. Salt has not complied to date with the order requirements of document production and interrogatory answers. However, he has demonstrated that the inability to do so is due to his medical impairments and incapacity, rather than willful disobedience.

      Under the circumstances of this case arresting Mr. Salt and confining him to a federal detention facility will be punitive rather than coercive. Such a step will in no way facilitate his ability to comply with any requirement of producing documents; it would have just the opposite effect. Given that he has ceased using Waterkeeper Marks and provided a detailed financial affidavit and supporting documentation, I urge the Court to exercise its discretion to continue the stay.

      Further, the Court should also be aware of another development in the Second Circuit (Docket # 20-632). Mr. Salt made application for appointment of CJA counsel in connection with the appeals pending in the Second Circuit including the appeal of the Court's 3rd Contempt order and order of imprisonment. (ECF 171). I was appointed in the appeals court as CJA counsel on March 16, 2022 (see attached). I filed my notice of appearance, scheduling notification and am in the process of perfecting the appeal. Resolution of the appeal will be determinative of any issues in the District Court pertaining to the imprisonment order. I am requesting that the Court extend the stay in the arrest warrant execution on this order until resolution of the appeal in the Second Circuit.

      In summary, I am requesting that the Court grant the applications contained in this letter together with such other and further relief as the Court deems appropriate in the interest of justice.

      Thank you for considering this request.

Respectfully submitted,

/S/ Joseph A. Vita

Joseph A. Vita