20-632 (L)
*Waterkeeper All., Inc., v. Salt*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**MANDATE**

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-two.

PRESENT:

    GUIDO CALABRESI,
    GERARD E. LYNCH,
    RICHARD J. SULLIVAN,

        *Circuit Judges*.

_____

WATERKEEPER ALLIANCE, INC.,

        *Plaintiff-Appellee*,

    v.

JEFFREY SALT,

        *Appellant*.*

Nos. 20-632 (L), 20-3007 (Con),
21-2523 (Con), 21-2623 (Con),
21-2684 (Con), 21-3042 (Con)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 21 2022

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**MANDATE ISSUED ON 09/21/2022**

| | |
|---|---|
| **FOR APPELLANT:** | JOSEPH A. VITA, The Law Office of Joseph A. Vita, Port Chester, NY. |
| **FOR PLAINTIFF-APPELLEE:** | JASON L. LIBOU, Wachtel Missry LLP, New York, NY. |

Consolidated appeals from orders of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court on appeal in Nos. 20-632 and 21-2684 are **AFFIRMED**, and the appeals in Nos. 20-3007, 21-2523, 21-2623, and 21-3042 are **DISMISSED** for lack of appellate jurisdiction.

Appellant Jeffrey Salt appeals principally from an order of the district court holding him in civil contempt of court and directing his imprisonment (the "Third Contempt Order"). That order arises from an action commenced by Plaintiff-Appellee Waterkeeper Alliance, Inc. ("Waterkeeper") in February 2010 against Spirit of Utah Wilderness, Inc. ("SUW") for trademark infringement, breach of contract, and unfair competition under state and federal law. SUW is a former member organization of Waterkeeper, a network of environmental

2

organizations dedicated to protecting waterways worldwide; Salt is SUW's principal and officer.

On May 8, 2015, after SUW failed to respond to Waterkeeper's motion for summary judgment for over a year, the district court entered a default judgment against SUW and enjoined SUW and Salt from using Waterkeeper's marks (the "Default Judgment"). SUW and Salt did not comply, and in the four years after the entry of the Default Judgment, the district court twice held SUW and Salt in contempt for disregarding the Default Judgment, first in October 2017 (the "First Contempt Order"), and again in April 2019 (the "Second Contempt Order"). The First and Second Contempt Orders directed SUW and Salt to comply with the Default Judgment, provide a list of all instances in which they violated the Default Judgment, pay fines for their noncompliance, and respond to Waterkeeper's written interrogatories and document requests. SUW and Salt continued to disregard the Default Judgment and the First and Second Contempt Orders, prompting the district court to issue the Third Contempt Order directing Salt to surrender to the custody of the United States Marshal for the Southern District of New York on March 23, 2020, unless he purged himself of the contempt by complying fully with the Default Judgment and the First and Second Contempt

3

Orders. When Salt moved to alter or amend the Third Contempt Order under Rule 59(e) of the Federal Rules of Civil Procedure, the district court denied the motion as untimely and proceeded to consider the motion under Rule 60(b) and find that it was without merit.

On October 22, 2021, after granting fourteen extensions of Salt's surrender date in light of the Covid-19 pandemic and Salt's purported inability to travel due to various medical ailments, the district court ordered Salt to show cause why it should not issue a warrant for his arrest under 18 U.S.C. § 401. Salt responded with a letter claiming that he had complied with the "primary" obligations set forth in the district court's prior orders by ceasing to infringe on Waterkeeper's marks, Dist. Ct. Doc. No. 248 at 2; he also submitted financial documents and medical records purporting to demonstrate his indigency and various medical conditions that prevented him from complying with the remaining obligations. In November 2021, the district court found that Salt failed to establish good cause for his persistent noncompliance with its orders and issued a warrant for Salt's arrest. The district court nevertheless stayed the execution of the arrest warrant, with the most recent stay expiring on April 27, 2022. Salt also filed an emergency motion in this Court to stay the execution of the arrest warrant, which we denied.

4

On appeal, Salt challenges the district court's orders (1) holding him in contempt and directing his imprisonment, (2) denying his Rule 59(e) motion, (3) issuing the arrest warrant, and (4) declining his requests to substitute counsel. We review a district court's contempt findings and denial of a motion to alter, amend, or be relieved from a judgment for abuse of discretion, although our review of a finding of contempt is "more exacting than [the abuse-of-discretion] standard typically connotes." *Chevron Corp. v. Donziger*, 990 F.3d 191, 202 (2d Cir. 2021) (internal quotation marks omitted); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999) ("We review a district court's ruling on motions under [Rules 59 and 60] for . . . abuse of discretion.").

The district court did not abuse its discretion in imposing the Third Contempt Order. To demonstrate civil contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021). All three elements are undoubtedly met here. The Default Judgment and the First and Second Contempt Orders clearly and unambiguously identified the exact steps required of Salt. For

5

instance, the First and Second Contempt Orders directed Salt to provide Waterkeeper and the district court "with a complete list identifying with specificity all instances in which . . . Salt has used [Waterkeeper's trademarks] after May 8, 2015," Dist. Ct. Doc. No. 135 at 9, as well as "answers to any . . . interrogatories and responsive documents" with respect to Salt's personal finances and compliance with the district court's orders, Dist. Ct. Doc. No. 160 at 10. Salt admits that he "has not complied to date" with either of these two obligations. Appellant's Br. at 13. Instead, he insists that the Covid-19 pandemic and his medical conditions excused his noncompliance. But the Default Judgment and the First and Second Contempt Orders were all imposed well before the outbreak of the Covid-19 pandemic in 2020, and before Salt developed the ailments that allegedly hospitalized him in 2021. Moreover, Salt has failed to submit any evidence demonstrating that his alleged medical conditions – such as "cough," "shortness of breath," "fever," "fatigue," and "dizziness," Appellant's Br. at 14 – were so severe that it was "factually impossible" for him to comply with the district court's orders in the five-year span between the entry of the Default Judgment and the imposition of the Third Contempt Order, *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986) (quoting *United States v. Rylander*, 460 U.S. 752, 757

6

(1983)). The district court therefore did not abuse its discretion in imposing the Third Contempt Order.

Nor did the district court abuse its discretion by denying Salt's Rule 59(e) motion. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 6(b)(2) further prohibits a court from extending the time to act under Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2). Here, Salt did not file his Rule 59(e) motion until February 20, 2020 – twenty-nine days after the district court issued the Third Contempt Order. And while "[a]n untimely motion for reconsideration is treated as a Rule 60(b) motion," *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010), a request under Rule 60(b) may be granted only in "exceptional circumstances," *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009).

Salt argues that the district court's denial of his motion construed as a Rule 60(b) request was an abuse of discretion because the district court (1) failed to consider the additional authorities and arguments presented by Salt's court-appointed counsel, and (2) erroneously ruled that a nonparty like Salt could be imprisoned for contempt of court. We disagree. Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R.

7

Civ. P. 60(c)(1). Salt, through his counsel, attempted to submit additional authorities and arguments on October 15, 2021, more than twenty months after the district court entered the Third Contempt Order on January 22, 2020, and more than eighteen months after counsel was first appointed to represent him in the civil contempt proceeding on March 24, 2020. On this record, we cannot say that the district court's refusal to consider the untimely supplement was an abuse of discretion. As to Salt's argument that the district court erred in imposing imprisonment on a nonparty for contempt of court, that argument had already been raised by Salt, decided by the district court, and rejected by us on appeal. *See Waterkeeper All., Inc. v. Salt*, 829 F. App'x 541, 543 n.2 (2d Cir. 2020) ("Salt argues in passing that the district court did not have the power to hold him in civil contempt as a non-party. This is not the case.").

As for the appeals raised in Nos. 20-3007, 21-2523, 21-2623, and 21-3042, we dismiss them for lack of appellate jurisdiction. Put simply, none of the orders challenged in those appeals constitutes a final decision under 28 U.S.C. § 1291; an appealable interlocutory order under 28 U.S.C. § 1292; or a collateral order subject to the collateral order doctrine, *see Funk v. Belneftekhim*, 861 F.3d 354, 362 (2d Cir. 2017). Moreover, because we can "conclusively decide" Salt's challenge to the

Third Contempt Order and denial of his Rule 59(e) motion without considering the other appeals, we decline to exercise pendent appellate jurisdiction to review the otherwise "non-appealable issue[s]." *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83 (2d Cir. 2013).

We have considered Salt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court on appeal in Nos. 20-632 and 21-2684, and **DISMISS** the appeals in Nos. 20-3007, 21-2523, 21-2623, and 21-3042 for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9