

Jason L. Libou
212 909-9535 DIR TEL
jlibou@wmllp.com

NEW YORK · LOS ANGELES · FLORENCE
WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

February 17, 2023

**Via ECF & E-Mail (romannysdchambers@nysd.uscourts.gov)**

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

          Re:      **Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc. et al.
                         Civil Action No.: 10-cv-1136**

Dear Judge Román:

      This law firm represents the plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff"), in the above-captioned action. We write in response to the proposal submitted by Jeffrey Salt's Utah counsel via e-mail on February 14, 2023 to purge Mr. Salt's contempt.

      We have conferred with Salt's counsel regarding the proposed 16-week period for Salt to provide the basic documents and financial information as well as evidence of infringement required by this Court's numerous prior orders. Plaintiff's position is that such a lengthy, indeed, boundless, compliance period in which to purge his contempt is not reasonable under the circumstances. Salt has previously acknowledged that much of this information is already within his possession and/or control. The fact that Salt is still not prioritizing compliance with this Court's orders, even in the face of federal detention, is remarkable.

      Plaintiff is amenable to agreeing to a shorter period of compliance such as 30 days. For documents or information not within his possession that need to be obtained from other sources, Salt should be required to file a detailed affidavit with proof of all efforts he making to obtain such documentation within 30 days of his release. This is not an unreasonable proposal especially considering that Salt was first ordered to produce these documents and information in April 2019.

      In an effort to reduce the burden on Mr. Salt to comply and purge his contempt, Plaintiff proposed in the alternative, subject to this Court's approval, a consent order by which Salt would: (i) re-affirm the injunctive relief previously granted by the Court and agree to avoid interfering with Waterkeeper and its member/affiliate organizations' business or activities going forward; (ii) demonstrate that he could not pay a fine; and (iii) vest the Court with ongoing jurisdiction for a period of time (e.g., 5 years) to enforce the consent order. Based on the letter filed by Mr. O'Reilly filed earlier today, it appears that Mr. Salt has rejected this far less burdensome proposal.

{092485-001/00378660-1}

      Plaintiff respectfully opposes the proposal submitted by Mr. Salt and asks that, if the Court is inclined to grant his release, that it condition the time period for compliance to no more than 30 days.

                                    Respectfully submitted,

                                    **WACHTEL MISSRY LLP**

                                    *Jason L. Libou*

                                    Jason L. Libou, Esq.

Cc: All Parties (via ECF and e-mail)

{092485-001/00378660-1}