USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/22/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
            :
WATERKEEPER ALLIANCE INC.,          :
            :
          Plaintiff,      :        10-cv-1136 (NSR)
    -against-          :        ORDER VACATING
            :        WARRANT AND DIRECTING
            :        RELEASE
SPIRIT OF UTAH WILDERNESS, INC.,     :
d/b/a GREAT SALT LAKEKEEPER, or      :
GREAT SALT LAKE WATER KEEPERS,   :
         Defendant.        :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff") commenced this action on February 11, 2010 asserting claims against Defendant Spirit of Utah Wilderness, Inc. ("SUW" or "Defendant") and its officers for, *inter alia*, trademark infringement. On May 8, 2015, the Court issued a Default Judgment and Order (ECF No. 100), after the Court found that Defendant had infringed upon Plaintiff's marks. On January 22, 2020, the Court issued an order of imprisonment (ECF No. 171) following Jeffrey Salt's ("Mr. Salt") failure to comply with the Court's contempt orders (ECF Nos. 135, 160, 171). Despite numerous extensions on his time to purge, (*see* ECF Nos. 183, 187, 189, 194, 201, 205, 209, 213, 218, 225, 227, 231, 234, & 239), Mr. Salt still failed to purge, and the Court subsequently issued an arrest warrant and delivered it to the US Marshals Service, which went into effect on April 27, 2022. (*See* ECF Nos. 250, 263.) On January 20, 2023, the Court issued and delivered an amended arrest warrant directing the US Marshals Service in the District of Utah to effectuate the warrant, because as to the Court's understanding, Mr. Salt's last known

residence is in the District of Utah.[1] The US Marshals Service effectuated the arrest on Thursday, February 2, 2023. Mr. Salt was remanded to the custody of the US Marshals Service.

The Court understands that Mr. Salt is currently being held in the Salt Lake City county jail, and is set to be transported to the Southern District of New York starting tomorrow morning, February 23, 2023.

The parties submitted letters to the Court (*see* ECF Nos. 272, 274, 275) and subsequently appeared before the Court at a conference on February 22, 2023 to discuss Jeffrey Salt's intent to purge. After the conference, counsel for Mr. Salt indicated they obtained Mr. Salt's agreement to the steps outlined in a proposal in Plaintiff's letter, dated February 17, 2023 (ECF No. 275), for him to purge his contempt. Counsel provided Mr. Salt's written note (appended to this Order), which he signs and dates, stating that he agrees to the following:

> (i) re-affirm the injunctive relief previously granted by the Court and agree to avoid interfering with Waterkeeper and its member/affiliate organizations' business or activities going forward; (ii) demonstrate that he could not pay a fine; and (iii) vest the Court with ongoing jurisdiction for a period of time (e.g., 5 years) to enforce the consent order.

Accordingly, the Court orders the following:

The Court **VACATES** the warrant for Mr. Salt's arrest and the order entered on January 22, 2020 (ECF No. 171);

The Court **ORDERS** the release of Mr. Salt from the custody of the US Marshals Service, subject to any other warrants or outstanding detainers;

Mr. Salt **SHALL** purge as he agreed to in his letter, as described above;

The parties are **DIRECTED** to file a formal consent order reflecting Mr. Salt's agreement to purge, as indicated hereto, within 7 days of Mr. Salt's release from custody. In the consent

---

[1] On September 21, 2022, the Second Circuit, by summary order, affirmed the Court's contempt orders and imposition of the imprisonment. (ECF No. 266.)

order, the parties are directed to provide a reasonable timeline by which Mr. Salt shall provide documentation regarding his inability to pay his contempt fines.

Mr. Salt is reminded that he has agreed to vest the Court with ongoing jurisdiction to enforce his obligations to purge his contempt, as reflected in the Court's prior orders. (*See* ECF Nos. 135, 160, 171, 250.)

The Court warns that Mr. Salt may be subject to future orders of imprisonment should he fail to purge and comply pursuant to this Order and the forthcoming consent Order.

The Court directs defense counsel to personally serve and deliver a copy of this order to Mr. Salt and show proof of service on the docket.

Dated: February 22, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Jason L. Libou
212 909-9535 DIR TEL
jlibou@wmllp.com

**WACHTEL MISSRY**

NEW YORK · LOS ANGELES · FLORENCE

WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

February 17, 2023

<u>Via ECF & E-Mail (romannysdchambers@nysd.uscourts.gov)</u>

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

      Re:  **Waterkeeper Alliance, Inc. v. Spirit of Utah Wilderness, Inc. et al.**
          <u>**Civil Action No.: 10-cv-1136**</u>

Dear Judge Román:

  This law firm represents the plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff"), in the above-captioned action. We write in response to the proposal submitted by Jeffrey Salt's Utah counsel via e-mail on February 14, 2023 to purge Mr. Salt's contempt.

  We have conferred with Salt's counsel regarding the proposed 16-week period for Salt to provide the basic documents and financial information as well as evidence of infringement required by this Court's numerous prior orders. Plaintiff's position is that such a lengthy, indeed, boundless, compliance period in which to purge his contempt is not reasonable under the circumstances. Salt has previously acknowledged that much of this information is already within his possession and/or control. The fact that Salt is still not prioritizing compliance with this Court's orders, even in the face of federal detention, is remarkable.

  Plaintiff is amenable to agreeing to a shorter period of compliance such as 30 days. For documents or information not within his possession that need to be obtained from other sources, Salt should be required to file a detailed affidavit with proof of all efforts he making to obtain such documentation within 30 days of his release. This is not an unreasonable proposal especially considering that Salt was first ordered to produce these documents and information in April 2019.

  In an effort to reduce the burden on Mr. Salt to comply and purge his contempt, Plaintiff proposed in the alternative, subject to this Court's approval, a consent order by which Salt would: (i) re-affirm the injunctive relief previously granted by the Court and agree to avoid interfering with Waterkeeper and its member/affiliate organizations' business or activities going forward; (ii) demonstrate that he could not pay a fine; and (iii) vest the Court with ongoing jurisdiction for a period of time (e.g., 5 years) to enforce the consent order. Based on the letter filed by Mr. O'Reilly filed earlier today, it appears that Mr. Salt has rejected this far less burdensome proposal.

{092485-001/00378660-1}

Plaintiff respectfully opposes the proposal submitted by Mr. Salt and asks that, if the Court is inclined to grant his release, that it condition the time period for compliance to no more than 30 days.

Respectfully submitted,

**WACHTEL MISSRY LLP**

*Jason L. Libou*

Jason L. Libou, Esq.

Cc: All Parties (via ECF and e-mail)

I, Jeffrey Salt, agree to the alternative proposed in the Plaintiff's Feb. 17, 2023 letter to the court.

*Jeffrey Salt*

February 22, 2023

{092485-001/00378660-1}