UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WATERKEEPER ALLIANCE INC.,

                Plaintiff,

-against-

SPIRIT OF UTAH WILDERNESS, INC. d/b/a GREAT SALK LAKEKEEPER, or GREAT SALT LAKE WATER KEEPERS

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2023

Case No.: 10 Civ. 1136

**CONSENT DECREE**

      This Consent Decree is entered into by plaintiff, Waterkeeper Alliance, Inc. ("Plaintiff" or "Waterkeeper"), defendant Spirit of Utah Wilderness, Inc. ("Defendant" or "SUW"), and non-party Jeffrey Salt ("Salt") (collectively, the "Settling Parties").

      WHEREAS, Waterkeeper is a New York not-for-profit corporation that focuses on raising awareness and support for waterways in the United States and worldwide;

      WHEREAS, Waterkeeper, since 1999, has used the name "Waterkeeper" and other related marks containing the term "keeper," (collectively, the "Waterkeeper Marks"), including, but not limited to the "Lakekeeper" (the "Mark");[1]

      WHEREAS, Waterkeeper commenced this action on February 11, 2010 asserting claims against SUW and its officers for, *inter alia*, trademark infringement;

---

[1] *See* Complaint, ECF No. 1, at ¶ 19, for a detailed description of the Waterkeeper Marks, which is hereby incorporated by reference.

{092485-001/00381156-1}

WHEREAS, on May 8, 2015, the Court issued a Default Judgment and Restraining Order (ECF No. 100),[2] after finding that Defendant and Salt had infringed upon and made unauthorized uses of the Waterkeeper Marks, including, but not limited to, the Mark;

WHEREAS, on January 22, 2020, the Court issued an order of imprisonment (ECF No. 171) following Salt's repeated failures to comply with this Court's contempt orders, both individually and as an officer of SUW (ECF Nos. 135, 160, 171);

WHEREAS, despite numerous extensions of his time to comply with this Court's orders, (see ECF Nos. 183, 187, 189, 194, 201, 205, 209, 213, 218, 225, 227, 231, 234, & 239), Salt still failed to purge his contempt, and the Court subsequently issued an arrest warrant and delivered it to the US Marshals Service, which went into effect on April 27, 2022 (*see* ECF Nos. 250, 263);

WHEREAS, on February 2, 2023, the US Marshals Service effectuated Salt's arrest and remanded him into custody. On February 24, 2023, Salt was conditionally released from detention based upon his agreement to purge his contempt and agree to enter into a consent order incorporating the terms outlined in the proposal set forth in Waterkeeper's letter to the Court, dated February 17, 2023 (ECF Nos. 275, 277).

WHEREAS, the Court expressly conditioned Salt's release from imprisonment and vacatur of the arrest warrant upon Salt's agreement to purge his contempt as stated in the February 17, 2023 letter and directed the parties to file a formal consent order within 7 days of Salt's release from custody (ECF No. 277);

WHEREAS, the Court also directed the parties to provide a reasonable timeline by which

---

[2] The Restraining Order enjoined and restrained SUW and Salt from, *inter alia*: (a) using the "Waterkeeper Marks," including, but not limited to, the terms "Lakekeeper," "Waterkeeper," "Great Salt Lakekeeper," "Great Salt Lake Water Keepers," and/or variants thereof; and (b) specifically referring to himself as the Great Salt Lakekeeper. The Restraining Order was affirmed by the Second Circuit on appeal. *See Waterkeeper Alliance, Inc. v. Salt*, 714 F.App'x 77 (2d Cir. 2018) (summary order).

Salt shall provide documentation regarding his alleged inability to pay his contempt fines;

WHEREAS, in connection with Salt's release from federal custody, the Court advised Salt that he has agreed to vest the Court with ongoing jurisdiction to enforce his obligations to purge his contempt, as reflected in the Court's prior orders (see ECF Nos. 135, 160, 171, 250), and specifically warned that Salt may be subject to future orders of imprisonment should he fail to purge and comply pursuant to the terms reflected in the conditional release order (ECF No. 277) and this Consent Decree;

WHEREAS, this Consent Decree does not resolve Waterkeeper's judgment for attorneys' fees and costs against SUW and Salt, nor does it resolve Waterkeeper's claim for monetary fines owed by SUW and/or Salt in connection with their trademark infringement or contempt; and

WHEREAS, the Settling Parties agree that this Court has jurisdiction over the subject matter of this case, and further agree that, except as otherwise set forth herein, this controversy should be resolved without further proceedings and/or evidentiary hearings;

**It is hereby AGREED, by and between the parties:**

## I.    Re-Affirmation of Restraining Order

1.    SUW and each of its current and former officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with it, including, but not limited to Salt, re-affirm each and every part of the injunctive relief set forth in the Restraining Order, and shall continue to be permanently restrained from:

   a. using the "Waterkeeper Marks," as defined in paragraph 19 of the Complaint in this case (ECF No. 1), including, but not limited to, the Marks and terms "Lakekeeper," "Waterkeeper," "Great Salt Lakekeeper," "Great Salt Lake Water Keepers," and/or variants thereof;

   b. referring to Jeffrey Salt as the Great Salt Lakekeeper or the Executive Director

of the Great Salt Lakekeeper, or any other similar reference;

c. using any other name or mark owned by Waterkeeper in a manner which is likely to cause confusion as to the source or sponsorship of Defendant's business and/or services, including but not limited to manufacturing, distributing, marketing, advertising, promoting, or otherwise distributing in digital or paper form, any correspondence, email, books, papers, pamphlets, paraphernalia, or merchandise that uses any of the Waterkeeper Marks, including the Marks and terms "Lakekeeper," "Waterkeeper," "Great Salt Lakekeeper," "Great Salt Lake Water Keepers," and/or variants thereof;

d. using or operating any email address, email list, electronic bulletin board, listserv, website, etc., that contains the infringing Waterkeeper Marks, including the Marks and terms "Lakekeeper," "Waterkeeper," "Great Salt Lakekeeper," "Great Salt Lake Water Keepers," and/or variants thereof, including any email with the suffix "@greatsaltlakekeeper.org";

e. effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Consent Decree as well as the Restraining Order; and

f. assisting, inducing, aiding, and/or abetting any other person or business entity from engaging in or performing any of the activities referred to in the preceding lettered paragraphs.

2. It is further ordered and adjudged that, pursuant to 15 U.S.C. § 1118, Defendant SUW d/b/a Great Salt Lakekeeper or Great Salt Lake Water Keepers, and its officers, agents,

directors, and employees, and all persons in active concert and participation with it, including but not limited to Jeffrey Salt, are ordered to deliver up for destruction all materials, labels, signs, prints, wrappers, receptacles, articles, advertisements, and promotional materials in its possession or control, or in the possession or control of its officers, agents, servants, employees, and attorneys, bearing the Waterkeeper Marks, including, but not limited to, "Lakekeeper," "Waterkeeper," "Great Salt Lakekeeper," "Great Salt Lake Water Keepers," and/or variants thereof, or any marks likely to cause confusion therewith, or referring thereto, and that Salt shall be required file an affidavit with this Court no later than 30 days after the date this Consent Decree has been entered to confirm that all such materials have been destroyed.

3. Salt and SUW expressly recognize and acknowledge Waterkeeper's ownership and registration of the Waterkeeper Marks and agree never to use them in any form, or any other confusingly similar names, suffixes, or surnames without the express written consent of Waterkeeper.

## II. SUW and Salt Are Permanently Enjoined From Interfering With Waterkeeper's Business and Activities

4. SUW and Salt are permanently enjoined from initiating or maintaining contact (including, without limitation, physical or electronic contact) with Waterkeeper, including its Board and staff members, as well as with any of Waterkeeper's current or future member or affiliate organizations or programs licensed to use any of Plaintiff's trademarks within the State of Utah.

5. SUW and Salt are further permanently enjoined from any activities which may interfere with the work or business activities or operations of Waterkeeper and/or any of its current or future member or affiliate organizations or programs, including, without limitation, any new

organizations or programs licensed to use any of Waterkeeper's trademarks within the State of Utah.

### III.   Salt Shall Pay the Fines Imposed by This Court, or File a Detailed Financial Affidavit Demonstrating His Alleged Inability to Pay the Fines Previously Imposed by the Court Within 45 Days of Entry of this Consent Decree

6.   Salt shall within 45 days of the date of entry of this Order pay that portion of the fine he has the resources to pay, and serve on Plaintiff's counsel and file with the Court an affidavit (the "Financial Affidavit" or "Affidavit") detailing Salt's personal finances in every material respect to the extent that Salt claims he is unable to pay any of the fines imposed by the Court.

7.   The Financial Affidavit shall include, but not be limited to, any and all of Salt's sources of income from January 2016 through the date of the Affidavit, the amount of such income, any assets in which Salt has a direct or indirect interest, any inheritance that Salt has received, any trust that Salt is the beneficiary of, and any expenses and liabilities that Salt has. The Affidavit shall also identify where Salt has worked since January 2016, full or part time, any and all of Salt's residences and places of business and, with respect to his residences, who owns the residences and the amount, if any, of the rent Salt pays. Salt shall attach to the Affidavit as exhibits, his federal income tax returns for the years 2016 through 2021, any W-2's, K-1's and 1099's he has received from January 1, 2016 to date, and any bank account and brokerage statements for any bank or brokerage accounts he has an interest in for the period January 1, 2016 to date.

8.   After Salt has filed and served the Financial Affidavit, or once the time for Salt to do so has expired, whichever is earlier, Waterkeeper shall have the right to serve written interrogatories and document demands on Salt with respect to the Affidavit, Salt's personal finances, and Salt's compliance with the Orders. Salt shall provide answers to any such interrogatories and responsive documents within 30 days of the date that they are served. Waterkeeper shall have the further right to subpoena Salt and take his sworn testimony on 20 days'

notice to Salt with respect to the aforementioned matters. Any such examination of Salt shall take place at the office of Waterkeeper's counsel or such other location that Waterkeeper designates.

### IV.   Remedies for Default & Continuing Jurisdiction

9.   The Settling Parties hereby expressly agree that this Court shall retain jurisdiction to enforce the Consent Decree for a period of 5 years from the date of its entry. Waterkeeper may move the Court to extend the enforcement period of the Consent Decree for good cause shown or in the interests of justice. The period of the Court's jurisdiction to enforce the Consent Decree also may be extended by the mutual written agreement of the Settling Parties, or may be extended by the Court *sua sponte*.

10.   If SUW or Salt do not fully and timely comply with each and every term contained in this Consent Order, Waterkeeper may file a letter motion to enforce the terms of the Consent Decree, and Waterkeeper is hereby granted leave to move for Salt's imprisonment and any other appropriate relief. The Settling Parties are directed to attempt to resolve any non-material disputes concerning the interpretation of, and compliance with, this Consent Decree before seeking relief from the Court; however, in the event of a material breach by SUW and/or Salt, Waterkeeper is directed to immediately file a letter motion to enforce the terms of this Consent Decree and is hereby granted leave to move for Salt's imprisonment and any other appropriate relief. The Settling Parties agree that any such letter motion to enforce the Consent Decree may be filed electronically on notice to all parties by Waterkeeper or its counsel via PACER/ECF.

11.   If SUW or Salt are found by the Court to have violated any provision of this Consent Decree, SUW and Salt shall be jointly and severally liable for any attorneys' fees and costs incurred by Waterkeeper in bringing an application and/or motion to enforce this Consent Decree.

12.   SUW and Salt expressly acknowledge and recognize that they are receiving a benefit in agreeing to the provisions of this Consent Decree insofar as they are being excused from

the more onerous informational and financial reporting requirements imposed the Court's prior contempt orders that would otherwise be required to purge Salt's contempt in the absence of this Consent Decree. The more onerous requirements of the prior contempt orders may be reinstated against SUW and Salt if the Court determines that SUW and/or Salt have failed to perform, in a timely manner, any act required by this Consent Decree or have otherwise failed to act in conformity with any provision of this Consent Decree.

13. SUW and Salt also expressly recognize and acknowledge that Salt may be subject to future orders of imprisonment should they fail to purge their contempt and/or fully and timely comply with each and every provision of this Consent Decree.

## V. Time for Performance

14. Any time limits for performance imposed by this Consent Decree may be extended by the mutual written agreement of the Settling Parties.

15. In the absence of any extension ordered by the Court pursuant to paragraph 9, *supra*, this Consent Decree shall terminate five years after the date of its entry.

## VI. Miscellaneous

16. When any obligation under this Consent Decree would come due on a weekend or another day this Court is closed, it will instead come due the next day the Court is open.

17. The Settling Parties understand and agree that this Consent Decree and the appendices thereto contain the entire agreement between them, and that any statements, representations, promises, agreements, or negotiation, oral or otherwise, between the parties or their counsel that are not included herein shall be of no force or effect.

18. The official corporate registration status of the SUW entity is currently "expired," although the SUW entity has not been formally dissolved. Salt is executing this Consent Decree, on behalf of SUW, as the former Executive Director solely due to the present "expired" corporate

registration status of SUW. Salt has not formally resigned as the Executive Director of SUW and expressly represents that he served as the Executive Director of SUW during the pendency of this litigation and that he is duly authorized to sign this Consent Decree on behalf of SUW. If at any point, SUW renews its corporate registration status or resumes operations, SUW and each of its officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with it, including, but not limited to Salt, agree to abide by all of the terms of this Consent Decree.

The undersigned apply for and consent to the entry of this Consent Decree:

*For Defendant Spirit of Utah Wilderness, Inc.:*

By: _____
JEFFREY SALT, former Executive Director
jeffsalt44@gmail.com

*For Jeffrey Salt:*

By: _____
JEFFREY SALT, individually
723 East Lisonbee Ave.
Salt Lake City, Utah 84106
jeffsalt44@gmail.com

-and-

By: /s Francis O'Reilly
FRANCIS L. O'REILLY, ESQ.
CJA Appointed Counsel for Jeffrey Salt
1735 Post Road, Suite 2C
Fairfield, CT 06824
Tel. Nos. (203) 913-4608
Fax Nos. (212) 319-0128
Frankoreilly9@gmail.com

*For Plaintiff Waterkeeper Alliance Inc.:*

WACHTEL MISSRY LLP

By: _____
JASON L. LIBOU
855 Second Avenue, 47th Fl.
New York, New York 10010
Tel. Nos. (212) 909-9595
Fax Nos. (212) 237-0320
jlibou@wmllp.com

Dated: March 14, 2023
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE