UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
WATERKEEPER ALLIANCE INC.,                           :
:
                Plaintiff,                                :       10-cv-1136 (NSR)
        -against-                                  :       ORDER
SPIRIT OF UTAH WILDERNESS, INC.,                     :
d/b/a GREAT SALT LAKEKEEPER, or                      :
GREAT SALT LAKE WATER KEEPERS,                       :
                Defendant.                               :
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2023

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Waterkeeper Alliance, Inc. ("Plaintiff") commenced this action on February 11, 2010 asserting claims against Defendant Spirit of Utah Wilderness, Inc. ("SUW" or "Defendant") and its officers for, *inter alia*, trademark infringement. On May 8, 2015, the Court issued a Default Judgment and Order (ECF No. 100), after the Court found that Defendant had infringed upon Plaintiff's marks. On January 22, 2020, the Court issued an order of imprisonment (ECF No. 171) following Jeffrey Salt's ("Mr. Salt") failure to comply with the Court's contempt orders (ECF No. 135, 160, 171). Numerous extensions on the time to purge were provided. (*See* ECF Nos. 183, 187, 189, 194, 201, 205, 209, 213, 218, 225, 227, 231, 234, & 239. On January 20, 2023, the Court issued and delivered an amended arrest warrant directing the U.S. Marshals Service in the District of Utah, where Mr. Salt resided, to effectuate the warrant. Mr. Salt was arrested on February 2, 2023 and remanded to the custody of the U.S. Marshals Service. On February 22, 2023, following a telephonic status conference with counsel for both parties, the Court issued an order vacating the arrest warrant and directing Mr. Salt's release from custody. (*See* ECF No. 277, "Order of Release".) The Court issued the "Order of Release" upon receiving Mr. Salt's written note, signed and dated by him, that he agreed to terms proposed by Plaintiff to purge himself from his contempt.

(*See id.*)  In the Order of Release, the Court directed the parties to file a formal consent order reflecting Mr. Salt's agreement to purge, as indicated thereto, within 7 days of Mr. Salt's release from custody.  (*See id.*)

The Court held a telephonic conference on March 9, 2023 to discuss certain terms of the proposed Consent Decree.  On March 14, 2023, the parties executed the Consent Decree, and Plaintiff entered it on the docket.  (ECF No. 281.)  As part of the Consent Decree, Mr. Salt agreed to (i) re-affirm the injunctive relief previously granted by the Court and agreed to avoid interfering with Waterkeeper and its member/affiliate organizations' business or activities going forward; (ii) pay fines imposed by the Court or file a detailed financial affidavit demonstrating his alleged inability to pay the fines within 45 days of entry of the Consent Decree; and (iii) vest the Court with ongoing jurisdiction for five years following the date of entry of the Consent Decree in order to enforce his obligations to purge his contempt.  (*Id*. at ¶¶ 1–13.)  The Court So-Ordered the Consent Decree that same day.  (ECF No. 282.)

The substantive matters in this action have been resolved, and the only issue that remains is Mr. Salt's purging of his contempt pursuant to the Consent Decree.[1]

Accordingly, the Clerk of the Court is kindly directed to terminate this action.  As indicated in the Consent Decree (ECF No. 282), the Court shall retain jurisdiction of this action until March 14, 2028, for the purposes of enforcing the terms of the Consent Decree.

Dated: March 16, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the parties agreed that the Consent Decree does not resolve Plaintiff's judgment for attorneys' fees and costs. (*See* ECF No. 282.) On October 19, 2016, following the Court's adoption of the report and recommendation regarding Plaintiff's attorneys' fees and costs (ECF No. 130), the Clerk of Court entered judgment for Plaintiff for $277,903.39 in attorneys' fees and costs. (ECF No. 131.)